IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

ALOFT MEDIA, LLC,

        Plaintiff,

   v.

YAHOO! INC., GOOGLE, INC., and AOL LLC,

        Defendants.

Case No. 6:08-CV-509 (LED)

**JURY TRIAL DEMANDED**

# DEFENDANT YAHOO! INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO COMPLAINT FOR PATENT INFRINGEMENT

Defendant Yahoo! Inc. ("Yahoo!") respectfully submits its Answer, Affirmative Defenses, and Counterclaims to the Complaint For Patent Infringement of Plaintiff Aloft Media, LLC ("Plaintiff "or "Aloft Media"), dated December 30, 2008, and states as follows:

## PARTIES

1.    In response to paragraph 1 of the Complaint, Yahoo! lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

2.    In response to paragraph 2 of the Complaint, Yahoo! admits that it is a Delaware corporation with its principal place of business at 701 First Avenue, Sunnyvale, California, 94089 and that CT Corporation Systems, 350 North St. Paul Street, Dallas, Texas, 75201 is its registered agent for service of process in the State of Texas. Except as expressly admitted, Yahoo! denies the remaining allegations of paragraph 2.

3.    In response to paragraph 3 of the Complaint, Yahoo! lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

4. In response to paragraph 4 of the Complaint, Yahoo! lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

**JURISDICTION AND VENUE**

5. In response to paragraph 5 of the Complaint, Yahoo! admits that this action purports to arise under the Patent Laws of the United States, Title 35 of the United States Code, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a). Except as expressly admitted, Yahoo! denies the remaining allegations of paragraph 5.

6. In response to paragraph 6 of the Complaint, Yahoo! denies the allegation that "venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b)" and the remaining allegations that are directed to Yahoo!. Yahoo! lacks sufficient information to admit or deny the allegations in paragraph 6 as they relate to the other defendants and on that basis denies them.

7. In response to paragraph 7 of the Complaint, no response is required to the legal conclusions in this paragraph. To the extent that paragraph 7 raises allegations that are not legal conclusions, Yahoo! denies the allegations that are directed to Yahoo!. Yahoo! lacks sufficient information to admit or deny the allegations in paragraph 7 as they relate to the other defendants and on that basis denies them.

**PATENT INFRINGEMENT**

8. In response to paragraph 8 of the Complaint, Yahoo! lacks sufficient information to admit or deny that "Aloft Media is the owner by assignment of United States Patent No. 7,472,351" and on that basis denies that allegation. Yahoo! denies the allegation that U.S. Patent No. 7,472,351 ("the '351 patent") is "entitled 'Mobile E-Mail Manager Interface with Integrated Instant Messaging and Phone Call Initiator Feature.'" Yahoo! admits that the '351 patent lists,

on its face, the issue date of December 30, 2008. Except as expressly admitted, Yahoo! denies the remaining allegations of paragraph 8.

9. In response to paragraph 9, Yahoo! denies the allegations.

10. In response to paragraph 10 of the Complaint, Yahoo! lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

11. In response to paragraph 11 of the Complaint, Yahoo! lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

12. In response to paragraph 12 of the Complaint, no response is required to the legal conclusions in this paragraph. To the extent that paragraph 12 raises allegations that are not legal conclusions, Yahoo! lacks sufficient information to admit or deny the allegations contained therein and on that basis denies them.

13. In response to paragraph 13 of the Complaint, Yahoo! denies the allegations that are directed to Yahoo!. Yahoo! lacks sufficient information to admit or deny the allegations in paragraph 13 as they relate to the other defendants and on that basis denies them.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Yahoo! asserts the following affirmative and other defenses and reserves the right to amend its Answer as additional information becomes available.

### FIRST DEFENSE
(Failure to State a Claim)

14. The Complaint fails to state a claim upon which relief can be granted.

## 15. SECOND DEFENSE
### (Invalidity)

16. On information and belief, one or more of the claims of the '351 patent is invalid on the grounds that the purported invention claimed therein fails to meet the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

## THIRD DEFENSE
### (Non-Infringement)

17. On information and belief, Yahoo! does not and has not infringed, whether directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '351 patent. If the claims at issue are interpreted so broadly as to read on any accused product or method, Yahoo! does not and has not infringed any such claim of the '351 patent under the Reverse Doctrine of Equivalents.

## FOURTH DEFENSE
### (Prosecution History Estoppel)

18. On information and belief, the actions taken and representations made before the United States Patent and Trademark Office in procuring the '351 patent preclude Aloft Media from asserting or construing the claims of the patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

## FIFTH DEFENSE
### (Adequate Remedy at Law)

19. To the extent Yahoo! is found to infringe the '351 patent (which it denies), Aloft Media has an adequate remedy at law, and no basis exists for the grant of equitable relief.

## SIXTH DEFENSE
### (Limitation on Recovery of Costs)

20. On information and belief, Aloft Media is precluded from seeking recovery of its costs under 35 U.S.C. § 288.

## NINTH DEFENSE
### (Failure to Mark)

21. To the extent Aloft Media or its licensees have failed to mark any system to which the '351 patent is claimed to apply, 35 U.S.C. § 287 limits recovery to any such damages as Aloft Media allegedly incurred subsequent to Yahoo!'s notice of the '351 patent.

## ADDITIONAL DEFENSES
### (Reserved)

22. Yahoo! specifically reserves the right to assert any and all affirmative defenses that may become available through information developed in discovery, at trial, or otherwise.

## COUNTERCLAIMS
### (Declaratory Judgment as to the '351 Patent)

23. Yahoo! incorporates by reference paragraphs 1-21 as if fully set forth herein.

24. Yahoo! is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 701 First Avenue, Sunnyvale, California 94089.

25. Upon information and belief, Aloft Media is a Texas limited liability company.

26. By its Complaint, Aloft Media alleges that Yahoo! has infringed the '351 patent. Yahoo! has denied these allegations. A justifiable controversy therefore exists between Aloft Media and Yahoo!.

27. A judicial declaration is necessary and appropriate at this time so that Yahoo! may ascertain its rights and duties with respect to the '351 patent.

28. These counterclaims arise under federal statutory law, including 35 U.S.C. §§ 271 *et seq.* and 28 U.S.C. § 2201. Accordingly, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a). Additionally, because there are now pending before this Court claims involving substantially related questions of law and fact, this Court presently has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

29. By filing its Complaint in this district, Aloft Media has consented to the personal jurisdiction of this Court.

## COUNT ONE
**(Declaratory Judgment of Non-Infringement of the '351 Patent)**

30. Yahoo! incorporates by reference Paragraphs 1-28 as if fully set forth herein.

31. Yahoo! does not and has not infringed, directly or indirectly, literally or by equivalents, any valid and enforceable claim of the '351 patent.

32. Aloft Media is precluded under the doctrine of prosecution history estoppel from asserting or construing the claims of the '351 patent in a way that would cover or read upon any product or service made, used, sold, or offered for sale by Yahoo!.

## COUNT TWO
**(Declaratory Judgment of Invalidity of the '351 Patent)**

33. Yahoo! incorporates by reference Paragraphs 1-31 as if fully set forth herein.

34. One or more claims of the '351 patent is invalid for failure to meet one or more of the conditions of patentability specified in Title 35 of the United States Code, including, but not limited to, Sections 101, 102, 103 and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaimant Yahoo! prays for relief as follows:

A. That the Court enter judgment in favor of Yahoo! and against Aloft Media;

B. That the Court find that Yahoo! has not infringed and is not infringing the '351 patent and enter declaratory judgment that Yahoo! has not infringed and is not infringing the '351 patent;

C. That the Court find that the '351 patent is invalid and enter declaratory judgment that the '351 patent is invalid;

E. That Aloft Media take nothing by its Complaint against Yahoo!;

F. That the Court deny any and all of Aloft Media's requests for injunctive relief;

G. That the Court deny any and all of Aloft Media's requests for equitable relief;

H. That the Court dismiss Aloft Media's Complaint in its entirety, with prejudice;

I. That the Court find this case exceptional under 35 U.S.C. § 285, and award Yahoo! its costs and fees in this action, including attorneys' fees, and pre-judgment interest thereon; and

J. That the Court grant Yahoo! such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Yahoo! hereby demands a trial by jury of all issues triable of right by a jury in the above-captioned case.

Dated: February 19, 2009                    Respectfully submitted,

/s/ Michael Jacobs (by permission Otis Carroll)
Michael A. Jacobs (mjacobs@mofo.com)
Lead Attorney
Brooks Beard (bbeard@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

Otis Carroll
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
Ireland, Carroll & Kelley, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
fedserv@icklaw.com

Attorneys for YAHOO! INC.

## CERTIFICATE OF SERVICE

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 19th day of February, 2009. Any other counsel of record will be served via electronic mail or facsimile transmission.

/s/ Otis Carroll