# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> YAHOO!, INC., GOOGLE INC., and AOL LLC, <br><br> Defendant. | CASE NO. 6:08-CV-509 <br><br> Hon. Leonard E. Davis <br><br> JURY |

## DEFENDANT GOOGLE INC.'S ANSWER,
## TO PLAINTIFF'S COMPLAINT

Defendant Google Inc. ("Google") answers Aloft Media, LLC's ("Aloft") Complaint as follows:

### PARTIES

1. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2. The allegations of paragraph 2 are not directed to Google, and therefore no answer is required. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3. Google admits that Google Inc. is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google admits

1

that it may be served with process through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.  Google denies any remaining allegations of paragraph 3.

4. The allegations of paragraph 4 are not directed to Google, and therefore no answer is required.  Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and therefore denies them.

## JURISDICTION AND VENUE

5. These allegations set forth legal conclusions to which no response is required. Google admits that this action invokes the United States patent laws, and that this Court has subject matter jurisdiction over patent law claims.  Google denies any remaining allegations of paragraph 5.

6. Google admits that venue is proper in the Eastern District of Texas for purposes of this particular action but not convenient, and admits that its website is accessible in the Eastern District of Texas.  To the extent the remaining allegations of paragraph 6 are directed at Google, they are denied.  To the extent the allegations of paragraph 6 are directed to other entities, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and therefore denies them.

7. Google does not contest personal jurisdiction in this District solely for the purpose of this action.  Google denies that it has committed acts of infringement within the Eastern District of Texas, or any other District.  To the extent the remaining allegations of paragraph 7 are directed at Google, they are denied.  To the extent the allegations of paragraph 7 are directed to other entities, Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and therefore denies them.

## PATENT INFRINGEMENT

8. Google admits that U.S. Patent No. 7,472,351 ("the '351 patent") is entitled "E-Mail Manager Interface with Integrated Instant Messaging and Phone Call Initiator Feature" and bears an issuance date of December 30, 2008. Google is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies them.

9. The allegations of paragraph 9 are not directed to Google, and therefore no answer is required. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9, and therefore denies them

10. Denied.

11. The allegations of paragraph 11 are not directed to Google, and therefore no answer is required. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Google is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12, and therefore denies them.

13. Denied.

## PRAYER FOR RELIEF

These paragraphs set forth the statement of relief requested by Aloft to which no response is required. Google denies that Aloft is entitled to any of the requested relief and denies any allegations.

## AFFIRMATIVE DEFENSES

Subject to the responses above, Google alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed

affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Google specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense

1. Google does not infringe and has not infringed (not directly, contributorily, or by inducement) any claim of the '351 patent.

### Second Defense

2. The claims of the '351 patent are invalid for failure to satisfy one or more of the requirements of Sections 100 *et seq.*, 101, 102, 103, and 112 of Title 35 of the United States Code.

### Third Defense

3. The claims of the '351 patent are unenforceable, in whole or in part, by the doctrines of waiver and/or estoppel, including prosecution history estoppel.

### Fourth Defense

4. The claims of the '351 patent are unenforceable due to unclean hands.

### Fifth Defense

5. Any and all products or actions accused of infringement have substantial uses that do not infringe and do not induce or contribute to the alleged infringement of the asserted claims of the '351 patent.

**Sixth Defense**

6. The owner of the '351 patent has dedicated to the public all methods, apparatus, and products disclosed in the '351 patent, but not literally claimed therein, and is estopped from claiming infringement by any such public domain methods, apparatus, or products.

**Seventh Defense**

7. Aloft's claim for damages, if any, against Google for alleged infringement of the '351 patent are limited by 35 U.S.C. §§ 286 and 287.

**Eighth Defense**

8. This case is exceptional against Aloft under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Google prays for judgment as follows:

a. A judgment dismissing Aloft's complaint against Google with prejudice;

b. A declaration that Google has not infringed, contributed to the infringement of, or induced others to infringe, either directly or indirectly, any valid and enforceable claims of the '351 patent;

c. A declaration that the '351 patent is invalid;

d. A declaration that Aloft's claims are barred by the doctrines of laches, equitable estoppel, and/or waiver.

e. A declaration that the '351 patent is unenforceable due to unclean hands.

f. A declaration that this case is exceptional and an award to Google of its reasonable costs and expenses of litigation, including attorneys' fees and expert witness fees;

g. A judgment limiting or barring Aloft's ability to enforce the '351 patent in equity;

    h.       Such other and further relief as this Court may deem just and proper.

Dated: February 19, 2009

Respectfully submitted,

By: */s/ Michael E. Jones* _____
Michael E. Jones
State Bar No. 10929400
Allen F. Gardner
State Bar No. 24043679
POTTER MINTON
A Professional Corporation
110 N. College, Suite 500 (75702)
P.O. Box 359
Tyler, Texas 75710
(903) 597-8311
(903) 593-0846 (Facsimile)
mikejones@potterminton.com
allengardner@potterminton.com

Of Counsel:

Scott T. Weingaertner
sweingaertner@kslaw.com
Robert F. Perry
rperry@kslaw.com
Christopher C. Carnaval
ccarnaval@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

# CERTIFICATE OF SERVICE

       The undersigned hereby certifies that counsel of record who are deemed to have consented to electronic service are being served with a copy of this **DEFENDANT GOOGLE INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 19th day of February 2009. Any other counsel of record will be served via First Class U.S. Mail on this same date.

                                                    */s/ Michael E. Jones*