IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC, <br><br> Plaintiff, <br><br> v. <br><br> YAHOO!, INC., GOOGLE, INC., and AOL LLC, <br><br> Defendants. | Civil Action No. 6:08-cv-509 <br><br> JURY TRIAL DEMANDED |

## AOL'S ANSWER AND COUNTERCLAIMS

Defendant AOL LLC ("AOL"), for its Answer and Counterclaims to the Complaint of Plaintiff Aloft Media, LLC ("Aloft"), hereby states as follows:

### Parties

1. AOL lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 1, and therefore denies them.

2. AOL lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 2, and therefore denies them.

3. AOL lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3, and therefore denies them.

4. AOL admits that it is a Delaware limited liability company. AOL admits that its principal place of business at 22000 AOL Way, Dulles, Virginia 20166. AOL further admits that it may be served with process in Texas through its Registered Agent, Corporation Service Company, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

**Jurisdiction and Venue**

5. AOL admits that this action arises under the patent laws of the United States, Title 35 of the United States Code. AOL admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. AOL admits that venue is proper in this district under 28 U.S.C. §§ 1391(c) and 1400(b), but denies that venue is convenient in this district. AOL admits that it has transacted business in the Eastern District of Texas, but denies that it has committed or induced acts of patent infringement in this district. AOL denies any remaining allegations of Paragraph 6.

7. AOL admits that it is minimally subject to personal jurisdiction in this district, but denies that AOL has committed any acts of infringement, in this district or elsewhere. AOL denies any remaining allegations of Paragraph 7.

**Patent Infringement**

8. AOL lacks knowledge or information sufficient to form a belief about the truth of Aloft's allegation that it is the owner by assignment of U.S. Patent No. 7,472,351 ("the '351 patent"). AOL denies that the '351 patent is entitled "Mobile E-Mail Manager Interface with Integrated Instant Messaging and Phone Call Initiator Feature." AOL admits that, on its face, the '351 patent issued on December 30, 2008.

9. AOL lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 9, and therefore denies them.

10. AOL lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 10, and therefore denies them.

11. AOL denies the allegations contained in Paragraph 11.

12. AOL lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12, and therefore denies them.

13. AOL denies the allegations contained in Paragraph 13 relating to AOL. AOL lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 relating to the other defendants, and therefore denies them.

## PRAYER FOR RELIEF

AOL denies that Aloft is entitled to any of the relief requested in its Complaint.

## AFFIRMATIVE DEFENSES

Without conceding that any of the following necessarily must be pleaded as an affirmative defense, or that any of the following is not already at issue by virtue of the foregoing responses to Plaintiff's allegations, and without assuming any burden of proof that it would not otherwise bear, AOL hereby asserts the following affirmative defenses. AOL reserves the right to add to or amend its defenses further as additional information is developed through discovery or otherwise.

### Noninfringement

14. AOL has not directly infringed any claim of the '351 patent, either literally or under the doctrine of equivalents.

15. AOL has not contributorily infringed or induced infringement of any claim of the '351 patent.

### Invalidity

16. Every claim of the '351 patent is invalid for failure to comply with one or more of the requirements of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102 , 103, and/or 112, ¶¶ 1 and 2.

**Prosecution History Estoppel**

17. By reason of the proceedings in the U.S. Patent and Trademark Office during the prosecution of the applications which resulted in the issuance of the '351 patent, Aloft is estopped from claiming infringement by AOL of one or more claims of the '351 patent.

**Patent Exhaustion**

18. Aloft's claims for patent infringement are precluded in whole or in part under the doctrine of patent exhaustion.

**Express or Implied License**

19. The alleged infringing activities by AOL are covered by an express or implied license under the '351 patent.

**No Entitlement to Injunctive Relief**

20. Upon information and belief, Aloft does not make or sell any instant-messaging systems that compete with AOL's accused system, including AIM. Upon further information and belief, Aloft does not make or sell any products at all.

21. Aloft is not entitled to any injunctive relief in connection with this action because, *inter alia*: (1) AOL has not infringed and is not infringing the '351 patent; (2) the '351 patent is invalid and unenforceable; (3) any purported injury to Aloft is neither immediate nor irreparable; (4) even if Aloft had suffered some injury (which it has not), there is an adequate remedy at law and monetary damages would be sufficient; (5) the public interest disfavors an injunction under the circumstances present here; and (6) the balance of hardships favors AOL.

**COUNTERCLAIMS**

Defendant AOL LLC ("AOL"), in counterclaim against Plaintiff Aloft Media, LLC ("Aloft"), hereby alleges as follows and demands a trial by jury on all the issues so triable.

## Parties

1. Counterclaim Plaintiff AOL is a Delaware limited liability company with its principal place of business at 22000 AOL Way, Dulles, Virginia 20166.

2. On information and belief, Counterclaim Defendant Aloft Media, LLC is a Texas limited liability corporation purportedly having a principal place of business at 211 W. Tyler Street, Suite C-1, Longview, Texas 75601.

## Jurisdiction and Venue

3. This Court has subject matter over these Counterclaims pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and 28 U.S.C. §§ 1331 and 1338(a). As demonstrated by the Complaint filed by Aloft in this action, and AOL's Answer and Counterclaims thereto, an actual and justiciable controversy exists between Aloft and AOL regarding the noninfringement, invalidity and unenforceability of the '351 patent.

4. Aloft is subject to personal jurisdiction in this Court as evidenced by, *inter alia*, its consent to jurisdiction in this Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## Counterclaim Count I

6. AOL hereby realleges and incorporates by reference the averments contained in the preceding paragraphs of its Answer and Counterclaims as if fully set forth herein.

7. A judicial declaration of noninfringement of the '351 patent is necessary and appropriate to resolve this controversy.

## Counterclaim Count II

8. AOL hereby realleges and incorporates by reference the averments contained in the preceding paragraphs of its Answer and Counterclaims as if fully set forth herein.

9. A judicial declaration of invalidity of the '351 patent for failure to comply with one or more of the requirements of Title 35 of the United States Code, including 35 U.S.C. §§ 101, 102 , 103, and/or 112, ¶¶ 1 and 2, is necessary and appropriate to resolve this controversy.

## PRAYER FOR RELIEF

**WHEREFORE**, AOL prays for entry of judgment

A. Declaring that AOL has not infringed the '351 patent;

B. Declaring that the '351 patent is invalid;

C. Declaring that Aloft is not entitled to an injunction barring AOL from any activities relating to AOL's accused products, including but not limited to making, using, selling, offering to sell, or importing the accused products in the United States;

D. Enjoining Aloft, its officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them who receive actual notice of the order by personal service or otherwise from directly or indirectly charging infringement, or instituting any further action for infringement of the '351 patent by AOL's accused products, against AOL and/or any of its affiliates, customers, licensees or potential customers or licensees;

E. Declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding AOL the attorney fees, costs, and expenses it incurs in connection with this action; and

F. Awarding AOL such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, AOL hereby demands a trial by jury for

all the issues so triable in this action.

Date:  February 19, 2009	Respectfully Submitted,


/s/ Eric H. Findlay
Eric H. Findlay
State Bar No. 00789886
Findlay Craft, LLP
6760 Old Jacksonville Hwy
Suite 101
Tyler, Texas 75703
Phone:  (903) 534-1100
Fax:  (903) 534-1137
efindlay@findlaycraft.com

Of Counsel:

Gerald F. Ivey
FINNEGAN HENDERSON FARABOW GARRETT
  & DUNNER, LLP
901 New York Ave., NW
Washington, DC 20001
Phone:  (202) 408-4000
Fax:  (202) 408-4400

Robert L. Burns
Beth Z. Shaw
FINNEGAN HENDERSON FARABOW GARRETT
  & DUNNER, LLP
Two Freedom Square
11955 Freedom Dr.
Reston, Virginia 20190
Phone:  (571) 203-2700
Fax:  (202) 408-4400

Cortney S. Alexander
FINNEGAN HENDERSON FARABOW GARRETT
  & DUNNER, LLP
3500 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
Phone:  (404) 653-6400
Fax:  (404) 653-6444

**ATTORNEYS FOR DEFENDANT**

AOL LLC

## Certificate of Service

I hereby certify that on February 19, 2009, true and correct copies of the foregoing was served upon all parties via electronic mail.

/s/ Eric H. Findlay
Eric H. Findlay