**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **ALOFT MEDIA, LLC,** | § § § § | |
| Plaintiff, | § § | **CASE NO. 6:08-CV-509 (JDL)** |
| vs. | § § § | |
| **YAHOO, INC.,** *et al.***,** | § § | **JURY DEMANDED** |
| Defendants. | § § | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Rule 16 of the Federal Rules if Civil Procedure, the Court enters the following Discovery Order:

1. **Disclosures.** By August 14, 2009, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;

(e) any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f) any settlement agreements relevant to the subject matter of this action;

(g) any statement of any party to the litigation;

2. **Additional Disclosures.** Each party shall provide to every other party the following information:

(a) the disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order;

(b) to the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules, beginning with a production by September 15, 2009, of all documents that can be produced by that date through the exercise of reasonable diligence, and continuing on a rolling basis for the next 60 days, and without awaiting a discovery request, a copy of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action — by written agreement of all parties, alternative forms of disclosure may be provided in lieu of paper copies; for example, the parties may agree to exchange images of documents electronically or by means of computer disk, or the parties may agree to review and copy disclosure materials at the offices of the attorneys representing the parties instead of requiring each side to furnish paper copies of the disclosure materials; and

(c) on September 15, 2009, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such

computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

   (a) the expert's name, address, and telephone number;

   (b) the subject matter on which the expert will testify;

   (c) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting such information;

   (d) if the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;

   (i) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

   (ii) the expert's current resume and bibliography.

4. **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1-3 together with the following:

   (a) Interrogatories: Plaintiff may serve up to 20 common interrogatories as to all Defendants, and an additional 15 interrogatories separately on each Defendant. Defendants may collectively serve up to 20 common interrogatories on Plaintiff, and each Defendant may serve separately up to 15 additional interrogatories on Plaintiff.

   (b) Requests for Admission: Plaintiff may serve up to 20 common requests for admission as to all Defendants, and an additional 25 requests for admission

separately on each Defendant. Defendants may collectively serve up to 20 common requests for admission on Plaintiff, and each Defendant may serve separately up to 25 additional requests for admission on Plaintiff. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents or the applicability of the business records exception. Requests for admission directed to document authentication and the business records exception shall be clearly denoted as such and shall be served separately from any requests for admission subject to the numerical limitations stated above.

(c) Depositions are limited to the following: depositions of the parties and 100 hours of non-party deposition time. Depositions of each party shall not exceed 42 hours. Additional deposition time may be provided by agreement between Defendant and Plaintiff, and agreement shall not be unreasonably withheld. The parties shall then move the Court for an agreed modification to this Order. Each party may seek additional hours from the Court, if necessary. For purposes of this paragraph, "deposition of a party" means a 30(b)(6) deposition; "non-party deposition" means any deposition other than a 30(b)(6) deposition, irrespective of whether the witness is an employee of a party or otherwise affiliated with a party.

(d) Number of Experts and Expert Depositions: Plaintiff is limited to a total of four expert witnesses. Each Defendant shall be entitled to a total of two expert witnesses individually, and Defendants shall collectively share up to a total of two additional group experts. Depositions of Defendants' expert witnesses shall be limited to 7 hours per witness per report. Depositions of Plaintiff's experts shall also be limited to 7 hours per witness per report, unless their report addresses issues unique to multiple Defendants (*e.g.*, infringement or damages). If so, Defendants shall be

entitled to 4 hours collectively, and an additional 3 hours each individually. Additional time for any expert deposition may be provided by agreement between the parties, and agreement shall not be unreasonably withheld. The parties shall then move the Court for an agreed modification to this Order. Each party may seek additional hours from the Court, if necessary.

(e) Document Subpoenas on Third Parties: the parties may serve as many document subpoenas on third parties, and as many depositions on written questions of custodians of business records of third parties, as needed.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the Court of that fact by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures.** By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   (a) the name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises;

   (b) the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; and

   (c) an appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

By the date provided in the Docket Control Order, a party may serve and file a list disclosing: (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B" above; and (2) any objections, together with the grounds therefore, that may be made to the admissibility of materials identified under subparagraph "C" above. Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information, and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.** If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Rule 5 of the Federal Rules of Civil Procedure.

9. **Notification of the Court.** The parties shall promptly file a notice with the Court that the disclosures required under this order have taken place.

10. **Duty to Supplement.** After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hotline" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences.** Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not

permitted.  Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.

14. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.  Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity.

15. **Protective Orders.**  The parties shall submit to the Court a proposed stipulated protective order within 30 days of this order.  In the interim, the Court will enter its Standard Protective Order.

16. **Courtesy Paper Copies.**  Paper copies will not be accepted by this Court unless specifically requested.

17. **Hearing Notebooks.**  With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested.  However, the Court may request hearing notebooks in specific instances.

**So ORDERED and SIGNED this 11th day of May, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE