# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| ALOFT MEDIA, LLC,<br><br>                        Plaintiff,<br><br>     v.<br><br>YAHOO! INC., GOOGLE, INC., AND AOL LLC,<br><br>                        Defendants. | Civil Case No. 6:08-cv-509 (LED) |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO TRANSFER**

At the time it filed this lawsuit, Aloft had very few contacts in Texas, just as Defendants depicted in their opening brief. Although Aloft was formed in July 2007, it was not until *after* the Fifth Circuit's *Volkswagen II* ruling, *after* the Federal Circuit's *TS Tech* ruling, and *after* it filed this lawsuit that Aloft even began taking steps to shore up its lack of Texas contacts. But even with these new contacts, put in place for the obvious purpose of opposing transfer motions, this case should still be transferred to the Northern District of California because: (i) Kevin Zilka—the mastermind behind Aloft, as well as the inventor and prosecutor of the patent-in-suit—resides and works in the Northern District of California; (ii) both Defendants have their principal places of business in the Northern District of California; and (iii) the witnesses, physical evidence, and operative facts relevant to this case are predominantly located in the Northern District of California.

## I.   REPLY ARGUMENT

### A.   Aloft's Opposition Is Based On "Facts" It Manufactured After It Filed This Lawsuit For The Obvious Purpose Of Arguing Against Transfer.

Aloft's opposition centers on its false allegation that Defendants misrepresented certain facts about Aloft. To the contrary, all of the facts cited by Defendants relating to Aloft reflect its status as of the time it filed this lawsuit, and came directly from Kevin Zilka himself, Mr. Zilka's website for his Northern District of California law firm, and a prior order from this Court. *See* Defendant's Transfer Motion, Fact Section at ¶¶ 22-29.[1] Indeed, it was not until after the Fifth Circuit's October 10, 2008 *Volkswagen II* ruling (*In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*)), after the Federal Circuit's December 29, 2008 *TS Tech* ruling (*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008)), and after Aloft filed this lawsuit on December 30, 2008, that Aloft began to take steps to shore up its lack of Texas credentials, all with an obvious eye toward arguing against transfer motions. For example, Plaintiff's argument hinges on Chris Edgeworth (a former employee of Zilka-Kotab P.C. in California), who first

---

[1] Apparently, Aloft entered into an employee share agreement with Stragent—another Zilka company set up to file patent lawsuits in Texas—to employ Mr. Depoma the day before this lawsuit was filed. *See* Declaration of Chris Edgeworth ("Edgeworth Decl."), Ex. 8; Declaration of Craig Tadlock, Ex. 4 at 17:14-18.

1

joined Aloft in February 2009. *See* Edgeworth Decl., ¶¶ 3, 6. Facts such as these—contrived after the lawsuit was filed—should be given little if any weight in the transfer analysis. *Cf. Hoffman v. Blaski*, 363 U.S. 335, 342-43 (1960) (first portion of transfer analysis must be based on facts as they existed at time lawsuit was filed); *Surfer Internet Broad. of Miss., LLC v. XM Satellite Radio Inc.*, No. 4:07-cv-034, 2008 WL 1868426, at *4 (N.D. Miss. Apr. 24, 2008) (rejecting attempt to manufacture venue).

> **B. Even If The Court Considers Aloft's Manufactured Facts, The Private And Public Interest Factors Weigh Clearly In Favor Of Transfer.**

Even if the Court considers the post-filing facts concocted by Aloft to shore up its Texas presence, the relevant factors still weigh heavily in favor of transfer.

> **1. The Private Interest Factors Clearly Favor Transfer.**
>
> **(a) The cost of attendance for willing witnesses strongly favors transfer.**

Contrary to Aloft's assertion, this factor does not require that *all* potential witnesses be located in or closer to the transferee district. *See, e.g.*, *Fifth Generation Computer Corp. v. IBM Corp.*, No. 9:08-cv-205, 2009 U.S. Dist. LEXIS 12502, at *13-14 (finding the convenience of witnesses factor in favor of transfer even where one witness was located in Texas and some witnesses may have to travel a longer distance). The fact remains that the majority of Defendants' employees with knowledge of the accused products are located in the Northern District of California or the State of Washington. *See* Transfer Motion, Fact Section at ¶¶ 7 and 15. Defendants have also identified two potential non-party witnesses located in the Northern District who may have information relevant to this lawsuit. *See* Transfer Motion, Fact Section at ¶ 33. Moreover, given that both Defendants have their principal places of business in the Northern District, it is likely that any additional witnesses will also be located there. *See Partsriver, Inc. v. Shopzilla, Inc.*, No. 2:07-cv-440, 2009 U.S. Dist. LEXIS 12482, at *7-8 (E.D. Tex. Jan. 30, 2009).

In contrast, Aloft has not identified a single potential witness located in Texas. The only potential witness Aloft has identified is Mr. Hershkovitz, the Northern Virginia reexamination counsel Aloft would hire *if* Defendants initiated a reexamination proceeding on the '351 patent. Response at ¶ 37. Because Defendants have not filed a reexamination of the '351 patent, this potential witness carries little if any weight in the transfer analysis because his involvement is, at best, speculative. Moreover, as counsel for Aloft, his convenience is irrelevant. *In re Volkswagen AG*, 371 F.3d 201, 202-206 (5th Cir. 2004).

Finally, Aloft notes that Mr. Zilka has willingly traveled to the Eastern District of Texas for a number of his depositions. Response at 4. Having a witness willingly travel to Texas is not the same as saying Texas is more convenient, which is the appropriate inquiry. Because Mr. Zilka lives in the Northern District of California, that district is in fact more convenient for him than the Eastern District of Texas, regardless of Mr. Zilka's willingness to inconvenience himself. Again, his counsel's convenience is irrelevant.

Is sum, this factor strongly favors transfer because the Northern District would be more convenient for a majority of witnesses and would not inconvenience any Aloft witnesses.

### (b) The availability of compulsory process favors transfer.

Aloft baldly asserts that Messrs. Kotab and Ozog do not have information relevant to this case. *See* Edgeworth Decl., ¶¶ 20-21. As employees of Zilka-Kotab PC, the firm that prosecuted the '351 patent, Defendants view Messrs. Kotab and Ozog as non-party witnesses who may have information relevant to this case. It is not for Aloft to decide which non-party witnesses may have relevant information—only the discovery process can answer that question. Accordingly, this factor continues to weigh in favor of transfer.

### (c) The location of sources of evidence favors transfer.

Aloft claims that all of Defendants' documents can be produced electronically to alleviate the effect of this factor. Response at 11. However, Aloft completely ignores the fact that key evidence—Defendants' source code—will be made available for physical inspection in the

Northern District or Washington. *See* Transfer Motion, Fact Section at ¶¶ 12, 20. The existence of physical evidence in the transferee district favors a transfer that would make access to the evidence more convenient. *See Odom v. Microsoft*, No. 6:08-cv-331, 2009 U.S. Dist. LEXIS 9835, at *9-10 (E.D. Tex. Jan. 30, 2009). This factor therefore favors transfer.

    **2.    Aloft's Assertions Regarding the Public Interest Factors Are Erroneous.**

        **(a)    Judicial economy does not weigh against transfer.**

Aloft incorrectly contends that the Court's accumulated knowledge of the parties from other pending cases requires it to retain the case in the interest of judicial economy. *See Regents of Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997); *J2 Global Commc'ns., Inc. v. Protus IP Solutions, Inc.*, No. 6:08-cv-11, 2008 U.S. Dist. LEXIS 103609, at *5 (E.D. Tex. Dec. 23, 2008). In *Jackson v. Intel*, No. 2:08-cv-154, 2009 U.S. Dist. LEXIS 22117, at *11-12 (E.D. Tex. Mar. 19, 2009), citing judicial economy this Court transferred a patent case to a venue where the plaintiff had previously litigated the *exact same patent* with over 75 parties. But the mere fact that a court has prior knowledge of the parties and general area of technology is insufficient to tip the judicial economy consideration. *See Invitrogen Corp. v. GE*, No. 6:08-cv-113, 2009 U.S. Dist. LEXIS 9113, at *10 (E.D. Tex. Feb. 9, 2009) (transfer denied where proposed transferee court only had prior knowledge of the parties); *cf. Invitrogen Corp. v. GE*, No. 6:08-cv-112, 2009 U.S. Dist. LEXIS 9127, at *11-15 (E.D. Tex. Feb. 9, 2009) (transfer granted where the proposed transferee court had prior knowledge of the parties, as well as half the patents in suit and several of the products).

Here, Aloft does not—because it cannot—claim that the co-pending cases involve the '351 patent, the accused products, or the particular technologies involved in this case. As a

result, this Court does not yet have any familiarity with the patent, the products, or the technology. This factor therefore remains neutral as to transfer.

### (b) Court congestion is a neutral factor.

Contrary to Aloft's assertion, this Court has held repeatedly that the transfer of patent cases to the Northern District of California does not raise an issue of court congestion. *See, e.g., MedioStream, Inc. v. Acer Am. Corp.*, No. 2:07-cv-376, 2008 U.S. Dist. LEXIS 74066, at *9 (E.D. Tex. Sept. 26, 2008); *Gellman v. ADT Sec. Servs.*, 2008 U.S. Dist. LEXIS 70398, at *12-13 (E.D. Tex. Sept. 10, 2008). Defendants maintain that the court congestion factor is neutral.

### (c) The local interest factor favors transfer.

Where, as here, a plaintiff attempts to manufacture venue, its incorporation in the forum state does not immunize it from transfer. *See*, *e.g.*, *Surfer Internet*, 2008 WL 1868426, at *4; *Gemini IP Tech. v. Hewlett-Packard Co.*, No. 07-C-205-S, 2007 WL 2050983, at *1 (W.D. Wisc. July 16, 2007); *Broad. Data Retrieval Corp. v. Sirius Satellite Radio, Inc.*, 79 U.S.P.Q. 2d 1603, 2006 U.S. Dist LEXIS 37641, at *9-11, (C.D. Cal. 2006). Other than Aloft's hollow connections to Texas, this case involves parties, witnesses, evidence, and operative facts centered on the Northern District of California and, to a lesser extent, on Washington state. *See* Transfer Motion, Fact Section at ¶¶ 6, 11, 14, 19, 23, and 33. In contrast, none of the Texas persons affiliated with Aloft were identified as potential witnesses with knowledge of relevant events, and none of the operative facts occurred in Texas. *See* Transfer Motion, Fact Section at ¶ 30. The local interest therefore favors transfer to the Northern District of California, the site of virtually all the people, things, and events that actually matter in this case. *See Partsriver*, 2009 U.S. Dist. LEXIS 12482, at *7-8.

## II. CONCLUSION

Because it is clearly the more convenient forum, this case should be transferred to the Northern District of California.

May 12, 2009	Respectfully submitted,

/s/ Brooks Beard (by permission Otis Carroll)
Michael A. Jacobs (mjacobs@mofo.com)\
(Lead Attorney)
Brooks Beard (bbeard@mofo.com)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105
Tel: (415) 268-7000
Fax: (415) 268-7522

Otis Carroll
State Bar No. 03895700
Deborah Race
State Bar No. 16448700
IRELAND, CARROLL & KELLEY, PC
6101 S. Broadway, Suite 500
Tyler, Texas 75703
Tel: (903) 561-1600
Fax: (903) 581-1071
fedserv@icklaw.com

Attorneys for YAHOO! INC.


/s/ Scott T. Weingaertner
(by permission Otis Carroll)
Robert F. Perry
rperry@kslaw.com
(Lead Attorney)
Scott T. Weingaertner
sweingaertner@kslaw.com
Christopher C. Carnaval
ccarnaval@kslaw.com
KING & SPALDING LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Telephone: (212) 556-2100
Facsimile: (212) 556-2222

>Michael E. Jones
>State Bar No. 10929400
>Allen F. Gardner
>State Bar No. 24043679
>POTTER MINTON
>A Professional Corporation
>110 N. College, Suite 500 (75702)
>P.O. Box 359
>Tyler, Texas 75710
>(903) 597-8311
>(903) 593-0846 (Facsimile)
>mikejones@potterminton.com
>allengardner@potterminton.com
>
>Attorneys for GOOGLE, INC.

**CERTIFICATE OF SERVICE**

This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on the 12th day of May, 2009. Any other counsel of record will be served via electronic mail or facsimile transmission.

/s/ Otis Carroll