# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF TEXAS

# TYLER DIVISION

| | |
|---|---|
| **ALOFT MEDIA, LLC,** § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 6:08-CV-509-JDL |
| v. § | |
| § | |
| **YAHOO!, INC., et al.,** § | **JURY TRIAL DEMANDED** |
| § | |
| Defendants. § | |

## PLAINTIFF ALOFT MEDIA LLC'S SUR-REPLY IN RESPONSE TO DEFENDANTS' MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404(a)

Plaintiff Aloft Media, LLC ("Aloft") files this Sur-Reply in response to the Defendants' Motion to Transfer ("Motion"). Defendants' Motion should be denied.

I.   The "Facts" Relating to Aloft Do Not Support Transfer

Defendants begin their Reply by stating: "At the time it filed this lawsuit, Aloft had very few contacts with Texas …." Reply at 1. Defendants then seek to justify the "facts" about Aloft upon which they relied in the Motion by acting as if those assertions of fact were limited to "facts" at the time suit was filed. *Id.* Despite their best efforts, Defendants cannot run from the "facts" upon which they built their transfer argument. The Motion boldly begins: "This lawsuit has minimal connections to the Eastern District of Texas, but substantial connections to the Northern District of California. In fact, Plaintiff Aloft Media is a shell company with no employees. Its principal place of business is in San Jose, California." Motion at 1.

In their Reply, Defendants argue that the actual facts concerning Aloft, and its comprehensive contacts with the Eastern District of Texas, "should be given little if any weight in the transfer analysis." In support, they cite *Hoffman v. Blaski,* 363 U.S. 335, 342-43 (1960).[1] *Hoffman*, however, does not support Defendants' position in any way. It dealt with 28 U.S.C. § 1404(a)'s requirement that a case can only be transferred to a court "where it might have been brought." It has nothing to do with the other portion of section 1404(a), which addresses "the convenience of parties and witnesses." *See Hoffman*, 363 U.S. at 342-43.

Defendants next cite *Surfer Internet Broad. Of Miss., LLC v. XM Satellite Radio, Inc.*, 2008 U.S. Dist. LEXIS 36732 (N.D. Miss. 2008). Again, this case does not support Defendants' position. Conspicuously absent from the opinion is any observation, discussion or holding that the facts surrounding the plaintiff "should be given little if any weight in the transfer analysis."

---

[1] Defendants cite *Hoffman* using the introductory signal "*cf.*" According to the BlueBook, "*cf.*" reflects that the "[c]ited authority supports a proposition different from the main proposition but sufficiently analogous to lend support." The Bluebook: A Uniform System of Citation R. 1.2, at 47 (Columbia Law Review Ass'n et al. eds., 18th ed. 2005).

1

*Id.* Moreover, the facts surrounding the plaintiff in *Surfer Internet* are markedly different than the facts related to Aloft. As reflected in the Edgeworth Declaration,[2] Aloft not only is a Texas LLC and has its office and documents located here, but it also has a Texas equity member and an employee in Texas and has previously asserted its patents here against these defendants and others.

Defendants want this Court to transfer this case to the Northern District of California despite the fact (1) Aloft is a Texas LLC (with an equity member, Mr. Edgeworth, who lives and works in Longview) with its physical office and principal place of business in Longview, (2) Aloft's employee works in Longview (along with Mr. Edgeworth), and (3) its documents, including the prosecution files for the patent in suit and all other company files, are housed in Longview. Simply put, Defendants request this Court to do what no other court in this District has done: ignore the facts about, and the convenience of, the plaintiff, and transfer a case to another court despite the plaintiff's substantial ties to this forum.

II.  The Location of Witnesses Does Not Support Transfer

On May 8, 2008, after Aloft filed its Response to the Motion but before Defendants filed their Reply, Aloft requested Defendants to "provide a disclosure of all persons currently known by Defendants that may have knowledge relevant to the claims and defenses," including their addresses, so that the Court would have all relevant information available at the time it rules on the Motion. Sur-Reply Exhibit 1.

On May 12, 2009, Google responded that it would not do so, unless Aloft provided its infringement contentions. Sur-Reply Exhibit 2. On the same date, Yahoo! responded to Aloft's letter. Instead of identifying the location of persons with knowledge of relevant facts, Yahoo!

---

[2] The Edgeworth Declaration is the first attachment to Aloft's Response to the Motion.

2

only stated: "Yahoo! knows of no prior art witnesses located anywhere near the Eastern District of Texas," which is not responsive to Aloft's inquiry and misses the point. Sur-Reply Exhibit 3.

The information Aloft requested and Defendants have refused to provide is clearly relevant to the pending Motion.[3] *See, e.g., Invitrogen v. General Elec. Co.*, 2009 U.S. Dist. LEXIS 9113 at *8-9 (E.D. Tex. 2009) (considering location of prior art witnesses in transfer analysis); *Aloft Media, LLC v. Adobe Sys.,* 2008 U.S. Dist. LEXIS 23601, at *14-15, *19-20 (E.D. Tex. 2008) (same). It is a virtual certainty that there are many persons with knowledge of relevant facts dispersed around the country and for whom the Eastern District of Texas is more convenient than the Northern District of California.

A review of the patent in suit reveals that there are third-parties with knowledge of relevant facts (*i.e.,* the prior art) spread around the country and a number who reside in Texas. For instance, the patent-in-suit discloses prior art inventors in Plano, Irving, Dallas, Lantana, and Houston, Texas. Sur-Reply Exhibit 4. Additionally, it discloses prior art inventors in the states of New York, Massachusetts, Delaware, New Jersey, Virginia, Florida, Georgia, Illinois and in various foreign countries including Spain and Great Britain.[4] *Id.* If Defendants had responded meaningfully to Aloft's request the Court would know the location of the prior art inventors and authors Defendants have located to date.

---

[3] Defendants admit as much by selectively disclosing Microsoft as likely possessing discoverable information related to the prior art. *See* Motion at 5. Interestingly, Defendants' Motion strongly implies that Microsoft-related prior art evidence is located in Washington by reciting the fact that that Microsoft is headquartered in Washington and by repeatedly discussing the distance from Washington to the Eastern District of Texas, *see* Motion at 4-5, 9-10, but fails to provide any evidence of the actual location of the witnesses and evidence. Aloft requested Defendants to identify the Microsoft-related witnesses and their locations. Sur-Reply Exhibit 1. Defendants have not done so. Sur-Reply Exhibits 2 and 3. Defendants' reference to Microsoft without specifically identifying the persons and their locations is not useful because Microsoft has offices all across the United States and throughout the world. Sur-Reply Exhibit 13. Microsoft's website lists 54 U.S. offices, four of which are in Texas, and the substantial majority of which are located closer to the Eastern District of Texas than the Northern District of California. *Id.*

[4] These prior art witnesses have knowledge of relevant facts even if Defendants do not intend to rely on any of the references to invalid the patent in suit. Among other things, these witnesses likely have relevant testimony and evidence concerning secondary considerations of non-obviousness, the state of the art at the time of conception of the claims of the patent in suit and evidence related to the value of the asserted patent.

3

Defendants argue that the "majority of Defendants' employees with knowledge of the accused products are located in the Northern District of California or the State of Washington."[5] Reply at 2 (emphasis added). Defendants do not state that they have no employees with knowledge of relevant facts whose locations are closer to this venue than to the Northern District of California, and, moreover, fail to disclose in their briefing that both have offices in Texas as well as offices which are closer to the Eastern District of Texas than the Northern District of California.[6]

For instance, Yahoo! has an office in Richardson, which employs 100 persons, and Google has offices in Coppell and Austin. Sur-Reply Exhibit 5. Similarly, Yahoo! and Google have offices in states which are closer to the Eastern District of Texas than the Northern District of California. For instance, Yahoo! has offices in Atlanta, Boston, Champaign, Illinois, Chicago, Detroit, and Miami, as well as Brentwood and Franklin, Tennessee. Sur-Reply Exhibit 6. Google has offices in New York, Cambridge, Massachusetts, Washington, DC, Chicago, Pittsburgh, Detroit, Ann Arbor, Michigan, Atlanta, Chapel Hill, North Carolina, and Reston, Virginia. Sur-Reply Exhibit 7. If Defendants had provided a meaningful response to Aloft's request, the Court would now know whether Defendants have employees with knowledge of

---

[5] "Relevant facts," include facts related to technical matters, prior art and damages. Defendants' declarations only address persons with technical knowledge and do not address persons with other knowledge, including damages.

[6] The declaration submitted by Yahoo! discloses that one of its employees on the "Messenger team" is located in Austin, which undisputedly is closer to the Eastern District of Texas than the Northern District of California. Yahoo! argues that employee does not work on the voice feature of the Messenger program. This fact does not mean that he/she does not have knowledge of relevant facts, including other features of the accused product. Interestingly, Yahoo! wants this Court to take it on faith that this employee has no relevant knowledge even though it disputes that the Court should consider Aloft's similar assertions about the knowledge of Mr. Kotab and Mr. Ozog. Reply at 3.

4

relevant facts from any of these offices and if there are other persons with knowledge of relevant facts concerning the accused products located closer to Tyler than Northern California.[7]

Defendants contend that Aloft failed to identify "a single potential witness located in Texas." Reply at 3. Chris Edgeworth is a person with knowledge of relevant facts – he is the President of Aloft and, as such, is involved in its business decisions, and represents Aloft before the PTO.[8] Additionally, as reflected in his Declaration, he lives and works in Longview, and, accordingly, the Eastern District of Texas is more convenient for him.

Defendants make much ado about Dominic Kotab and Jesse Ozog, neither of which actually have any information about the patent in suit or this civil action as reflected in the Edgeworth Declaration attached to Aloft's Response to the Motion. However, both Mr. Kotab and Mr. Ozog have agreed to appear at trial or for deposition in the Eastern District of Texas if requested to do so by Defendants, Sur-Reply Exhibit 9 and 10, just as they did in response to a motion to transfer filed by Adobe in a previous action filed by Aloft. Sur-Reply Exhibit 11 and 12.[9]

Defendants' position about Mr. Kotab and Mr. Ozog underscores the fact that they recognize the importance of the location of third-parties with knowledge of relevant facts, and, thus, makes their refusal to identify such persons as requested by Aloft more troubling.

## CONCLUSION

Because Defendants have failed to carry their burden to show that the Northern District of California is clearly more convenient, Aloft requests the Court to deny their Motion.

---

[7] The locations of the party witnesses, nevertheless, do not mandate transfer. *See Sanofi-Aventis Deutschland GmbH v. Genentech, Inc.*, 2009 U.S. Dist. LEXIS 22108 at *20-21 (E.D. Tex. 2009) (stating that "[t]he convenience of the parties and their witnesses is given less weight in a transfer analysis than the convenience of non-party witnesses").

[8] Defendants knew Mr. Edgeworth was a person with knowledge of relevant facts before filing this Motion because Aloft disclosed him on March 25, 2009, in another litigation between the same parties. Sur-Reply Exhibit 8.

[9] This Court's opinion in *Aloft Media,* 2008 U.S. Dist. LEXIS 23601, at *14, *17, addresses Mr. Kotab and Mr. Ozog's agreement to appear, and concluded, based on those agreements, that their location did not support transfer.

5

Respectfully submitted,

_/s/ Eric M. Albritton_

Eric M. Albritton
Texas State Bar No. 00790215
Craig Tadlock
Texas State Bar No. 00791766
Adam A. Biggs
Texas State Bar No. 24051753
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
(903) 757-8449 (phone)
(903) 758-7397 (fax)
ema@emafirm.com
cct@emafirm.com
aab@emafirm.com

T. John Ward, Jr.
Texas Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, TX 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas State Bar No. 21518050
Chris Cravey
Texas State Bar No. 24034398
Matthew R. Rodgers
Texas State Bar No. 24041802
WILLIAMS, MORGAN & AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713)934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
cravey@wmalaw.com
mrodgers@wmalaw.com

ATTORNEYS FOR PLAINTIFF
ALOFT MEDIA, LLC

**CERTIFICATE OF SERVICE**

   The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel, who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 21st day of May, 2009.

                     */s/ Eric M. Albritton*
                     Eric M. Albritton