## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| **ALOFT MEDIA, LLC,** § | |
| § | |
| **V.** § | **CIVIL ACTION NO. 6:08-CV-509** |
| § | |
| **YAHOO!, INC., et al.** § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Yahoo! Inc. ("Yahoo") and Google, Inc. ("Google") Motion to Transfer Venue. (Doc. No. 39.) Plaintiff Aloft Media LLC has filed a Response, (Doc. No. 51), and Surreply in opposition, (Doc. No. 60), and Defendants have filed a Reply in support, (Doc. No. 58).

For the reasons stated below, Defendants' Motion is **DENIED**.

### BACKGROUND

Aloft is a Texas Limited Liability Company with its principal place of business in Longview, Texas. Yahoo is a Delaware corporation with is principal place of business in Sunnyvale, California, and Google is a Delaware corporation with is principal place of business in Mountain View, California. Both Yahoo and Google also have offices throughout the country. In this suit, Aloft alleges that Defendants' products infringe U.S. Patent No. 7,472,351 ("the '351 patent"). The '351 patent issued on December 30, 2008, and on that same day, Aloft filed the present suit.

Defendants have now filed the present Motion to Transfer Venue to the Northern District of California. Defendants argue that California would be a more convenient venue because both Yahoo! and Google are located there, and as far as they have determined, most of the relevant witnesses and documents will be located there. Aloft counters that this District is more convenient because Aloft is located in this District, this Court is currently presiding over four patent infringement cases

involving the same parties,[1] and this District is less congested than the Northern District of California. Aloft also identifies a number of additional witnesses for which this District is more convenient.

## APPLICABLE LAW

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The goals of § 1404(a) are to prevent waste of time, energy, and money, and also to protect litigants, witnesses, and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964). Ultimately it is within a district court's sound discretion to transfer venue pursuant to 28 U.S.C. § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.,* 144 F.Supp.2d 673, 676 (E.D.Tex.2001); *Mohamed v. Mazda Corp.,* 90 F.Supp.2d 757, 768 (E.D.Tex.2000). The party seeking transfer of venue must show good cause for the transfer. *In re Volkswagen of America, Inc.,* 545 F.3d 304, 315 (5th Cir. 2008); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008). The moving party must show that transfer is "clearly more convenient." Otherwise, a plaintiff's choice of venue must be respected. *In re TS Tech*, 551 F.3d at 1320.

When deciding whether to transfer venue, a district court balances two categories of interests: the private interests, *i.e.*, the convenience of the litigants, and the public interests in the fair and efficient administration of justice. *Id.* at 1319. The private interest factors weighed by the court include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process

---

[1] In addition to this case, Aloft has alleged patent infringement against Google and Yahoo! in Case No. 6:08-cv-50, against Google in Case No. 6:08-cv-440, and against Yahoo! in Case No. 6:08-cv-255.

to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* The public interest factors include: "(1) the administrative difficulties flowing from court congestion, (2) the local interest in having localized interests decided at home, (3) the familiarity of the forum with the law that will govern the case, and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.* None of the factors are dispositive on their own. *Id.*

A number of recent appellate opinions must be addressed in determining whether transfer is appropriate in this case. *In re Volkswagen* involved a products liability claim stemming from an automobile collision in Dallas. 545 F.3d at 307. In that case, the Fifth Circuit granted a writ of mandamus requiring the Eastern District of Texas to transfer the case to the Northern District of Texas. *Id.* at 307. It found that the trial court had erred by giving inordinate weight to the Plaintiff's choice of venue, and by not giving appropriate weight to, among other things, the location of proof, the cost of attendance of willing witnesses, the availability of compulsory process and the localized interest of the fora. *Id.* at 318.

Thereafter, the Federal Circuit, relying on *Volkswagen*, granted a writ of mandamus requiring the Eastern District of Texas to transfer a patent case to the Southern District of Ohio. *In re TS Tech*, 551 F.3d at 1322-23. It found that, in the underlying case *Lear Corp. v. TS Tech USA, Inc.*, No. 2:07-CV-406 slip op. (E.D. Tex. Sept. 10, 2008), the trial court erred by (1) giving too much weight to the plaintiff's choice of forum, (2) failing to recognize the cost of attendance of witnesses, (3) failing to recognize the ease of access to sources of proof, and (4) disregarding Fifth Circuit precedent in analyzing the public interest in having localized interests decided at home. *Id.* More recently, the Federal Circuit also granted a writ of mandamus requiring the Eastern District of Texas to transfer

3

a patent case to the Northern District of California. *In re Genentech, Inc.*, Misc. No. 901, 2009 WL 1425474 (Fed. Cir. May 22, 2009). It found that the trial court erred by (1) improperly applying the 100-mile rule, (2) improperly substituting its central proximity for a measure of the convenience of the witnesses and parties, and the relative ease of access to documents, (3) failing to appropriately weigh the compulsory process factor, and (4) erroneously weighing two irrelevant considerations: whether the transferee court would have personal jurisdiction over the plaintiff, and the defendant's litigation history in the transferor district. *Id.* at *9. These cases will be discussed in more detail below.

## ANALYSIS

The first question a court must address when ruling on a motion to transfer venue under 28 U.S.C. § 1404 is whether the suit could have been filed originally in the destination venue. There is no dispute that this case could have been filed in the Northern District of California.

**I.      The Private Interest Factors**

*The Relative Ease of Access to Sources of Proof*

In *Genentech*, the Federal Circuit criticized the District Court for distinguishing between the location of physical evidence and electronic evidence that may be more easily transmitted anywhere in the world. *Id.* at *6 ("the court's antiquated era argument was essentially rejected in *Volkswagen* because it would render this factor superfluous"). The Federal Circuit also explained that, at least where there is relevant evidence in the transferee district but none in the transferor district, the location of evidence outside the two districts has little impact on this factor because it will need to be transported regardless of where the trial is conducted. *Id.* ("because documents housed in Europe and Washington, D.C. will need to be transported in any event, it is only slightly more inconvenient

or costly to require the transportation of those materials to California than Texas"). According to the Federal Circuit, "'[i]n patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer'" and, therefore, "'the place where the defendant's documents are kept weighs in favor of transfer.'" *Id.* (quoting *Neil Bros. Ltd. v. World Wide Lines. Inc.*, 425 F. Supp. 2d 325, 329 (E.D.N.Y. 2006)).

In this case, Defendants maintain that all of their relevant documentary evidence is located at their corporate headquarters, or at Google's office in Kirkland, Washington. In addition, Defendants argue that the source code for the accused products is located in Northern California, or, for Google, potentially at its office in Washington. Aloft maintains that all of its evidence is located in Longview, Texas. Specifically, Aloft points out that its corporate documents, patent sales and assignment agreements, and all documents and emails related to the prosecution of the '351 patent are located in Longview. Aloft also argues that, because Defendants have offices throughout the country and because Defendants have not specifically identified their documents, some of Defendants' documents may be located in offices other than their corporate headquarters.

In *Genentech*, there was relevant evidence in the transferee district, but none in the transferor district. In contrast, in this case, Plaintiff's evidence is located in the transferor venue, and most of Defendants' evidence is located in the transferee venue. Under these circumstances, the Court may lend greater weight to the location of documents outside the districts at issue. *Cf. id.* Here, while Plaintiff speculates that there may be relevant documents outside the two districts at issue, only Kirkland, Washington—a location far closer to the Northern District of California than the Eastern District of Texas—has been clearly identified as a location where relevant documents may be kept. Because most of the accused infringers' documents are apparently located in or closer to the

Northern District of California, this factor favors transfer. *See id.* However, this factor weighs only slightly in favor of transfer because Aloft's documents are located in this District.[2]

*The Cost of Attendance for Willing Witnesses*

This factor requires a court to carefully consider the convenience of all parties and witnesses.[3] *In re TS Tech*, 551 F.3d at 1320; *In re Genentech*, 2009 WL 1425474 at *3-5; *In re Volkswagen AG*, 371 F.3d 201, 204-05 (5th Cir. 2004). This factor weighs in favor of transfer when the parties and witnesses are localized in or near the transferee district and none are located in the transferor district.[4] *See In re TS Tech*, at 1322-23 (weighing this factor in favor of transfer where all of the key witnesses were located in one geographic area); *see also Odom*, 596 F. Supp. 2d at 1000 (weighing factor in favor of transfer where most witnesses were localized in one geographic area). On the other

---

[2] The Court recognizes that it is highly likely that almost all of the evidence in this case is stored electronically and will likely be produced in an electronic form. Thus, the Court is unclear as to how the transfer of this case will make access to sources of proof any more convenient for the parties; convenience being the substance of the 1404(a) analysis. *See* 28 U.S.C. § 1404(a) (allowing a court to transfer a case "for the convenience of the parties"); *see also Odom v. Microsoft*, 596 F. Supp. 2d 995, 1000 (E.D. Tex. 2009). The Federal Circuit has apparently concluded that the Fifth Circuit's decision in *Volkswagen* means that a distinction between physical and electronic evidence is inappropriate. *In re Genentech*, 2009 WL 1425474 at *6; *Volkswagen*, 545 F.3d at 316. But it is hard to see how the Fifth Circuit's conclusion, that transfer to a district where an automobile accident occurred will result in more convenient access to sources of proof, leads to the conclusion that a consideration of the physical or electronic nature of evidence in a patent case renders this factor superfluous. By these observations, the Court is not saying that this factor should not be considered, but merely that the distinction between physical and electronic evidence and how that evidence will be produced might appropriately be considered in determining whether transfer will result in more convenience for parties and witnesses. Nonetheless, having expressed the Court's concerns, the Court finds the above-referenced distinction inappropriate under controlling precedent.

[3] One issue the Federal Circuit has not addressed is the relative importance of party and non-party witnesses. *See Odom*, 596 F. Supp. 2d at 1001 n. 3; *see also Aloft Media, LLC v. Adobe Sys. Inc.*, No. 6:07-cv-355, 2008 WL 819956 at *6 (E.D. Tex. Mar. 25, 2008) ("It is simply not unduly burdensome to require [a defendant]'s employees to defend allegations of patent infringement in a district and state where it knowingly sells a significant portion of its allegedly infringing products.").

[4] By this statement, the Court does not mean to imply that this factor only weighs in favor of transfer when every single witness is located in or near the transferee venue. *See In re Genentech*, 2009 WL 1425474 at *5. Rather, the Court considers the convenience of all witnesses, and weighs this factor in favor of transfer when a substantial number of witnesses are localized in one geographic area. *See, e.g., Odom*, 596 F. Supp.2d at 1002 (weighing this factor in favor of transfer despite the fact that Plaintiff identified witnesses outside the transferee venue, including one witness in Texas).

6

hand, this factor may weigh against transfer or be neutral when the relevant witnesses are spread throughout the country or the world. *See, e.g., In re Telular*, No. 899, 2009 WL 905472 at *3 (Fed. Cir. Apr. 3, 2009) (denying transfer from Texas to Illinois where one party was located in Illinois, the other in Texas, and a number of nonparty witnesses were located in Georgia); *MHL Tek, LLC v. Nissan Motor Co.*, No. 2:07-cv-289, 2009 WL 440627 at *4 (E.D. Tex. 2009), *mandamus denied*, Misc. 897, 2009 WL 1425475 (Fed. Cir. May 22, 2009) (weighing this factor against transfer where witnesses were spread throughout the country); *Network-1 Sec. Solutions, Inc. v. D-Link Corp.*, 433 F. Supp. 2d 795, 800 (E.D. Tex. 2006), *mandamus denied*, 183 Fed. Appx. 967 (Fed. Cir. 2006) (same).

In *Genentech*, the defendant identified at least ten witnesses in the transferee venue, while none were located in the transferor district. 2009 WL 1425474 at *3. One of the factors the District Court relied upon in denying transfer was the inconvenience of European and out of state witnesses traveling to California. *Sanofi-Aventis Deutschland v. Genentech, Inc.*, No. 9:08-cv-203, 2009 WL 764304 at *7 (E.D. Tex. Mar. 19, 2009). In rejecting the District Court's reliance on this consideration, the Federal Circuit explained that a district court may not "use[] its central location as a consideration in the absence of witnesses within the plaintiff's choice of venue." *In re Genentech*, 2009 WL 1425474 at *5. The Court also explained that "[b]ecause a substantial number of material witnesses reside within the transferee venue and the state of California, and no witnesses reside within the Eastern District of Texas, the district court clearly erred in not determining this factor to weigh substantially in favor of transfer." *Id.*

In this case, the Court faces substantial difficulties in determining the relevant witnesses. Defendants maintain that there is not a single party or non-party witness who resides or works in the

7

Eastern District of Texas, and that most of the potential party and non-party witnesses reside in California or Washington. However, Defendants also state that they have not yet conducted a thorough search for potential non-party witnesses. In fact, in response to Aloft's request for a potential witness list, Defendant Yahoo! refused to list any witnesses and stated that it knows of no prior art witnesses located anywhere near the Eastern District of Texas. PL.'S SURREPLY EX. 3.

Defendants identify only three witnesses by name and residence: Kevin Zilka, the inventor of the '351 patent; Dominic Kotab, who is a principal in the law firm of Zilka-Kotab P.C. which prosecuted the '351 patent; and Jesse Ozog, an employee at Zilka-Kotab PC who may have relevant information on the reduction to practice of the claimed invention.[5] All three of these witnesses reside in Northern California. Aloft maintains that Kevin Zilka travels to Longview, Texas for all matters related to Aloft's business. Aloft also argues that neither Jesse Ozog nor Dominic Kotab has any relevant information.

Aloft points out that Defendants have offices located all over the country, including offices in Texas and the Eastern District of Texas. It argues that, because Defendants have only stated that the majority of their witnesses are located on the west coast, but not identified any witnesses by name, the Court has no way of knowing where many of Defendants' witnesses are located. Aloft has also identified dozens of prior art witnesses located in New York, Massachusetts, Illinois, Texas (including one witness in the Eastern District of Texas), California, Minnesota, Georgia, Oregon, Arizona, Colorado, Virginia, Washington, Ontario, South Korea, Great Britain, Ireland, Spain, and

---

[5] Defendants' argue that these individuals have relevant information because they work at Zilka-Kotab P.C., and because Aloft designated them as individuals with relevant knowledge in two of the other lawsuits pending before this Court involving different patents. Beard Decl. at ¶ 14 attached to DEF.'S MOT. For support, Defendants have attached these witnesses' biographies from the Zilka-Kotab website. DEF.'S MOT. EXS. 8, 9. Aloft disputes that these witnesses possess relevant information. This dispute illustrates the difficulties the Court faces in identifying the relevant witnesses in this case.

India. PL.'S SURREPLY EX. 4. These witnesses are all identified on the face of the '351 patent. In addition to knowledge of particular prior art references, Aloft also contends that these witnesses may have information relevant to the state of the art at the time the patent was filed, secondary considerations, and damages. Aloft identifies one additional witness by name, Aloft's president Chris Edgeworth, who "represents Aloft before the U.S. Patent and Trademark Office and has power of attorney on all active Aloft matters." PL.'S RESP. at 3. Mr. Edgeworth resides in Longview, Texas.

Thus, the Court must evaluate the convenience of potential prior art witnesses identified by the patent holder, and nonparty witnesses alleged by the accused infringers of having knowledge of the patent at issue. The Federal Circuit has held that a determination of which witnesses are "key witnesses" is not appropriate. "A district court should assess the relevance and materiality of the information the witness may provide."[6] *See In re Genentech*, 2009 WL 1425474 at *4. Under the current state of the law, the Court has no reason to doubt that the witnesses identified by both sides have relevant information. Accordingly, the Court will weigh the convenience of all of the identified witnesses by applying the 100-mile rule. *See Volkswagen*, 545 F.3d at 317 ("'When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance traveled'").

With regard to the parties and their witnesses, this factor is neutral. The Court is willing to credit Defendants' argument that the majority of their witnesses will be located in California and

---

[6] The Court applies the same standards for Plaintiff and Defendants when determining whether a witness has relevant information. *See Volkswagen AG*, 371 at F.3d at 204 (citing *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990)) ("The Supreme Court has clearly indicated that either a defendant or a plaintiff can move for change of venue under § 1404(a) and that the same treatment and consideration should be given to the motion for transfer regardless of who the movant of that motion may be.").

Washington. However, this statement is of limited value in light of Defendants' refusal to provide any specific information about its witnesses, such as names, addresses, and some indication as to what information these witnesses possess. On the other hand, Aloft is a Texas Company with its principal place of business in Longview, Texas.[7] Its president, Chris Edgeworth, resides in Longview, and although one of Aloft's witnesses, Kevin Zilka, resides in California, he conducts business related to Aloft in Longview. Because the Northern District of California would be more convenient for Defendants and their witnesses, and the Eastern District of Texas would be more convenient for Aloft and its witnesses, this factor is neutral with regard to the parties and their witnesses.

With regard to non-party witnesses, the Court finds that this factor weighs slightly against transfer. California would be more convenient for Dominic Kotab, Jesse Ozog, and 29 of the potential prior art witnesses located in Asia and along the west coast. Texas would be more convenient for 37 of the potential prior art witnesses located in Europe,[8] Texas, the midwest, and the east coast. Because this District would be more convenient for a small majority of these witnesses, this factor weighs slightly against transfer with regard to non-party witnesses.

---

[7] Defendants contend that Aloft's ties to Texas should not weigh in favor of transfer because they have been artificially created to justify venue. However, Defendants cite no relevant authority by which the Court may disregard the convenience of parties and witnesses that are currently located in a particular district.

[8] The Court recognizes that in *Genentech*, the Federal Circuit found the District Court's consideration of European witnesses' convenience to be error. *See* 2009 WL 1425474 at *4. However, in that case, a substantial number of witnesses were located in the transferee venue, and none were located in the transferor venue. *Id.* The Federal Circuit counseled against applying the 100-mile rule "rigidly" such that the convenience of foreign witnesses significantly outweighed the convenience of witnesses located in the transferee venue. *Id.* Because Aloft and a number of witnesses are located in Texas, this case is distinguishable from *Genentech*. Under the current state of the law, the Court is not prepared to wholly disregard the convenience of witnesses with relevant information merely because they reside outside of the United States. Nonetheless, if this Court were to disregard the convenience of the foreign witnesses, the analysis would not be altered because this District is more convenient for 31 domestic non-party witnesses, and the Northern District of California is more convenient for 26 domestic non-party witnesses.

This is not a case where the parties and witnesses are localized in one general geographic area. *Cf. In re TS Tech*, at 1322-23. Nor is this a case where no parties or witnesses are tied to the transferor venue. *Cf. In re Genentech*, 2009 WL 1425474 at *5. Rather, in this case, Aloft has filed suit in its home District, which is a more convenient location for the majority of non-party witnesses. *See In re Telular*, 2009 WL 905472 at *3. Overall, this factor weighs slightly against transfer.

*Availability of Compulsory Process*

A court's subpoena power extends to any witness who resides in the district or within 100 miles of where the trial is held. FED. R. CIV. PROC. 45(b)(2)(C). In this case, neither side has indicated that it would have difficulty compelling the attendance of any witness. Even if this Court could not compel a witness's attendance, neither party is prevented from using the witness's videotaped deposition at trial. *See Symbol Tech., Inc. v. Metronomic Instruments, Inc.*, 450 F. Supp. 2d 676, 679 (E.D. Tex. 2006). Nonetheless, of the nonparty witnesses identified by the parties, five are located within this District or within 100 miles of Tyler, Texas, and 20 witnesses are located within the Northern District of California. Therefore, this factor weighs in favor of transfer

*All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive*

As the parties do not address this factor, it is neutral.

## II.     The Public Interest Factors

*Administrative Difficulties Caused by Court Congestion*

This factor relates to the speed with which a case can come to trial. *In re Genentech*, 2009 WL 1425474 at *8. Cases typically go to trial in 18.4 months in the Eastern District of Texas, and in 25.5 months in the Northern District of California. In addition, patent cases in the Eastern District of Texas reach trial in 1.79 years, compared to 2.87 years in the Northern District of California. *Id.*

(citing *Sanofi-Aventis*, 2009 WL 764304 at *8). Therefore, this factor weighs against transfer.

*The Local Interest in Having Localized Interests Decided at Home*

In patent cases, when a defendant sells products all over the country, no specific venue has a dominant interest in resolving the issue of patent infringement. *See In re TS Tech*, 551 F.3d at 1321 ("[h]ere, [the accused products] were sold throughout the United states, and thus the citizens of the Eastern District of Texas have no more or less of a meaningful connection to this case than any other venue"). Thus, in most patent cases, this factor will be neutral. Nonetheless, where a forum has identifiable connections to the events giving rise to the suit, this factor may support litigating the case in that forum. *See Volkswagen*, 545 F.3d at 318; *see, e.g., In re Genentech*, 2009 WL 1425474 at *9. In this case, neither party argues persuasively that this District or the Northern District of California has a local interest in the outcome of this case. Therefore, this factor is neutral.

*The Familiarity of the Forum with the Law that will Govern the Case*

Because both this Court and the Northern District of California are equally capable of applying patent law, this factor is neutral. *See In re TS Tech*, 551 F.3d at 1320.

*Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law*

As in most patent cases, this factor is neutral. *See J2 Global Commc'ns, Inc.*, 2008 WL 5378010 at *6.

**CONCLUSION**

Having considered all of the relevant factors, the compulsory process factor weighs in favor of transfer, and the access to evidence factor weighs slightly in favor of transfer. On the other hand, the Court congestion factor weighs against transfer, and the convenience of parties and witnesses factor weighs slightly against transfer. This is not a case in which the substantial majority of parties

and witnesses are localized in one general geographic area. *Cf. In re TS Tech*, at 1322-23. Nor is this a case in which Plaintiff has no ties to the district in which its suit was filed. *Cf. In re Genentech*, 2009 WL 1425474 at *9. In this case, a Texas company has filed suit in Texas, in a district which is less congested than the Northern District of California, and which is more convenient for the majority of non-party witnesses. *See In re Telular*, 2009 WL 905472 at *3. While Defendants' home District provides easier access to Defendants' documents, and may have subpoena power over a greater number non-party witnesses, these two facts fail to establish that transfer to the Northern District of California would be clearly more convenient for the parties and witnesses. *See Volkswagen,* 545 F.3d at 315 ("when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected").

Accordingly, Defendants' Motion to Transfer is **DENIED**.

**So ORDERED and SIGNED this 10th day of June, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE