Aloft Media, LLC v. Yahoo! Inc. et al                                    Doc. 71

Case 6:08-cv-00509-JDL    Document 69-2    Filed 06/17/2009    Page 1 of 32

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ALOFT MEDIA, LLC, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 6:08-CV-509 (JDL) |
| v. | ) ) | JURY TRIAL DEMANDED |
| YAHOO! INC., ET AL., | ) ) | |
| Defendants. | ) ) ) ) ) | |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is HEREBY ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of four categories: CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE, as set forth in Items A-D below. All four of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." Any documents derived from or containing "Protected Information" must also be designated with the appropriate category of confidentiality, according to the terms of this Order.

1

sf-2670790

**A.     Information Designated as Confidential Information**

1.     For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.     Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.     All CONFIDENTIAL INFORMATION not reduced to documentary, tangible, or physical form, or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.     Except as otherwise provided in paragraph 11, any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL ATTORNEYS' EYES ONLY information and shall be subject to this Order.  Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL,

CONFIDENTIAL ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL -

SOURCE CODE prior to furnishing copies to the receiving party.

5.      The following are examples of information that is not CONFIDENTIAL

INFORMATION:

a.      published advertising materials;

b.      any information that is or, after its disclosure to a receiving party, becomes

part of the public domain as a result of publication not involving a violation of this Order;

c.      any information that the receiving party can show by written records was

already known to it prior to the disclosure, provided that it was either (i) received from the

producing party and was not received under an obligation of confidentiality to the producing

party, or (ii) received from a source who obtained the information lawfully and under no

obligation of confidentiality to the producing party;

d.      any information that the receiving party can show by written records was

received by it after the disclosure from a source who obtained the information lawfully and under

no obligation of confidentiality to the producing party; and

e.      any information that the receiving party can show was independently

developed by it after the time of disclosure by personnel who did not have access to the

producing party's CONFIDENTIAL INFORMATION.

6.      Documents designated CONFIDENTIAL and information contained therein shall

be available only to:

a.      outside litigation counsel of record and supporting personnel employed in

or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal

translators, legal secretaries, legal clerks, and shorthand reporters;

sf-2670790

b.       technical advisers and their necessary support personnel, subject to the provisions of paragraphs 14-19 herein, and who have signed the form attached hereto as Attachment A;

c.       up to three (3) in-house counsel with responsibility for managing this litigation, up to three (3) employees in a party's legal department necessary to assist them in this litigation (*i.e.*, clerical staff or paralegals), and one employee of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action who have signed the form attached hereto as Attachment A, except that Defendants' employee, in-house counsel, paralegals, or clerical employees under this paragraph shall not have access to any co-Defendants' CONFIDENTIAL material;

d.       the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.       independent legal translators retained to translate in connection with this action and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

f.       graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions, non-technical jury or trial consulting services who have signed the form attached hereto as Attachment A, except that mock jurors shall not have access to any material designated CONFIDENTIAL;

g.       commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A; and

4

h.      any other person with the prior written consent of the Producing Party.

**B.      Information Designated Confidential Attorneys' Eyes Only - Financial**

7.      The CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL designation is reserved for CONFIDENTIAL INFORMATION that constitutes financial documents showing or summarizing Defendants' sales volume, revenue, and profitability information; answers to interrogatories directed to similar information; and expert reports directed to the issues of damages, excluding CONFIDENTIAL ATTORNEYS' EYES ONLY information attached to such expert reports.  In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL, each party agrees to use such designation only in good faith.

8.      Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL and information contained therein shall be available only to:

a.      outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters;

b.      up to three (3) in-house counsel with responsibility for managing this litigation and up to three (3) employees in a party's legal department necessary to assist them in this litigation (i.e. clerical staff or paralegals), with the prior written consent of the producing party, who have signed the form attached hereto as Attachment A, except that defendants' in-house counsel, paralegals or clerical employees under this paragraph shall not have access to any co-defendants' CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL material;

c.      one client representative from Plaintiff;

        d.      technical advisers and their necessary support personnel, subject to the provisions of paragraphs 14-19 herein, and who have signed the form attached hereto as Attachment A;

        e.      the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

        f.      independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

        g.      graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions and non-technical jury or trial consulting services who have signed the form attached hereto as Attachment A, except that mock jurors shall not have access to any material designated CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL;

        h.      commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A;

        i.      independent legal translators retained to translate in connection with this action; and

        j.      any other person with the prior written consent of the Producing Party.

    Notwithstanding any other provisions herein nor their status as officers, employees and/or representatives of Aloft, under no circumstances shall CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL information be disclosed to the named inventor on the patent in suit, except that each Party shall be allowed a party representative to attend and observe all hearings in the case and attend and observe any trial of the case.  To the extent Plaintiff's client

representative is the named inventor on the patent-in-suit in this litigation, the CONFIDENTIAL

ATTORNEYS' EYES ONLY - FINANCIAL information may be disclosed to that individual.

**C.      Information Designated Confidential Attorneys' Eyes Only**

9.      The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for

CONFIDENTIAL INFORMATION that constitutes commercially sensitive competitive

information which is likely to cause harm to the competitive position of the producing party,

CONFIDENTIAL information obtained from a nonparty pursuant to a current Nondisclosure

Agreement ("NDA"), and settlement agreements or settlement communications, the disclosure of

which is likely to cause harm to the competitive position of the producing party, excluding

CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL information.  In determining

whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY,

each party agrees to use such designation only in good faith.

10.     Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and

information contained therein shall be available only to:

a.      outside litigation counsel of record and supporting personnel employed in

the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal

translators, legal secretaries, legal clerks, and shorthand reporters;

b.      Up to three (3) in-house counsel with responsibility for managing this

litigation and up to three (3) employees in a party's legal department necessary to assist them in

this litigation (i.e. clerical staff or paralegals), with the prior written consent of the producing

party, who have signed the form attached hereto as Attachment A, except that defendants' in-

house counsel, paralegals or clerical employees under this paragraph shall not have access to any

co-defendants' CONFIDENTIAL ATTORNEYS' EYES ONLY material;

c.      technical advisers and their necessary support personnel, subject to the provisions of paragraphs 14-19 herein, and who have signed the form attached hereto as Attachment A;

d.      the Court, its personnel, and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.      independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

f.      graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the actions and non-technical jury or trial consulting services who have signed the form attached hereto as Attachment A, except that mock jurors shall not have access to any material designated CONFIDENTIAL ATTORNEYS' EYES ONLY;

g.      commercial copy vendors retained by counsel for purposes of this action who have signed the form attached hereto as Attachment A;

h.      independent legal translators retained to translate in connection with this action; and

i.      any other person with the prior written consent of the Producing Party.

Notwithstanding any other provisions herein nor their status as officers, employees and/or representatives of Aloft, under no circumstances shall CONFIDENTIAL ATTORNEYS' EYES ONLY information be disclosed to the named inventor on the patent in suit, except that each Party shall be allowed a party representative to attend and observe all hearings in the case and attend and observe any trial of the case.

8

**D.**     **Information Designated Restricted Confidential - Source Code**

Documents or other things that are designated CONFIDENTIAL INFORMATION and contain a party's source code may be designated "RESTRICTED CONFIDENTIAL-SOURCE CODE," if they constitute confidential, proprietary and/or trade secret source code or object code.  Other documents or things that include confidential, proprietary and/or trade secret source code or object code may be designated RESTRICTED CONFIDENTIAL - SOURCE CODE only if confidential, proprietary and/or trade secret source code or object code cannot reasonably be segregated from the document or thing.  The source code may be made available for review at a single secure site at the producing party's discretion, either (i) at the producing party's counsel's office, or (ii) at another single secure site selected by the Producing Party.  The following conditions shall govern the review, production, and use of source code information.

11.     All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE."  Nothing in this Protective Order shall obligate the parties to produce any source code or act as an admission that any particular source code is discoverable.  However, if material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE is produced, it shall be subject to the following provisions.  Moreover, all such source code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE," shall be subject to the following provisions:

a.     All source code will be made available by the producing party to the receiving party's outside counsel and/or technical advisors in a private room on a secured computer system without Internet access and without network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any source code outside or away from the computer

on which the source code is provided for inspection (the "Source Code Computer").  The producing party shall be obligated to install such tools or programs necessary to review and search the code produced on the secured computer.  Where applicable, programmers' notes/comments will be made available.  The producing party shall provide a reasonably comfortable work environment within the secured site, including maintaining a proper room temperature and providing power, lighting, desks, chairs, and phones.

       b.      The receiving party's outside counsel and/or technical advisors shall be entitled to take notes (either in paper or electronic format) relating to the source code but may not copy verbatim lines of the source code into the notes.  Such notes shall be subject to the provisions of section 11(g), below.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

       c.      A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including e-mail) notice requesting inspection.  The receiving party shall maintain a daily log of the names of persons who enter the room to view the source code and when they enter and depart.  The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room, and to a copy of the log.

       d.      Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or technical advisors shall remove all notes, documents, laptops, and all other materials from the room that may contain work

10

product and/or attorney-client privileged information.  The producing party shall not be responsible for any items left in the room following each inspection session.

   e. The receiving party will not print, copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, printing, copying, removing, or transferring the source code onto any other computers or peripheral equipment.  The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

   f. At the review, the receiving party may indicate to the producing party the lines of source code or source code modules for which it seeks production for a case preparation activity.  The receiving party shall request the production of only such portions as are reasonably necessary for that purpose.  If the producing party objects that the portions of the code that the receiving party has requested for production are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within three (3) business days.  If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the source code in question is not reasonably necessary to any case preparation activity.  In the absence of any objection, or upon resolution of any such dispute by the Court, the producing party shall provide one copy set of such pages, on colored paper that can be reasonably photocopied, to the receiving party within three (3) business days and shall retain one copy set.  The producing party shall Bates number and label "RESTRICTED CONFIDENTIAL – SOURCE CODE" any and all pages provided to the receiving party.  In no event may the receiving party request more than 25 consecutive pages

or more than 500 total pages of source code in aggregate during the duration of the case without prior written approval by the producing party.

g.     The receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in Paragraph (b) of this section) at their offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when it is not in use.

h.     The receiving party's outside counsel of record shall maintain a log of all copies of the source code (received from a producing party) that are provided by the receiving party to any qualified person under sub-paragraph (n) below of this section.  The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored.  Any paper copies of source code shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of technical advisors who have been approved to access source code under paragraphs 14-19; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such paper copies shall be maintained at all times in a locked and secure location.  The producing party shall not unreasonably deny a receiving party's request to make (and log) additional copies, providing that the request is for good cause and for a use that otherwise complies with this order.  The producing party shall be entitled to a copy of the log upon request, and at the conclusion of the litigation.

i.     After the producing party produces the source code requested per Paragraph (f) of this section, the receiving party's outside counsel of record may make copies of the source code only when reasonably necessary to facilitate the receiving party's

preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondence. The receiving party's outside counsel of record may make no more than five additional paper copies on colored paper of any portions of the source code received pursuant to Paragraph (f) of this section, not including copies attached to court filings.

j.      The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used -- as an example, excerpts of approximately 25 to 40 lines in length would be allowed.

k.      To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped RESTRICTED CONFIDENTIAL — SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped as RESTRICTED CONFIDENTIAL — SOURCE CODE. All SOURCE CODE DOCUMENTS shall be filed under seal.

l.      All paper copies containing source code shall be securely destroyed if they are no longer necessary in the litigation (*e.g.*, extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

13

m.      The receiving party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (*e.g.*, may not scan the source code to a PDF, or photograph the code).  The receiving party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports).  Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

n.      Source code will only be made available to individuals specified in Paragraph 10(a), excluding legal translators, 10(c), (f), and (i) above.  Source code may not be disclosed to in-house counsel for any party nor to any Plaintiff client representative.

## PROSECUTION BAR

12.      The "PROSECUTION BAR" materials refers to those CONFIDENTIAL INFORMATION, CONFIDENTIAL ATTORNEYS' EYES ONLY, and RESTRICTED CONFIDENTIAL—SOURCE CODE-designated materials and documents comprising or containing non-public technical information, such as source code, system diagrams, flow charts, white papers, engineering specifications, research and development materials, and the like.  To be clear, this means that the following documents and materials shall not be considered or classified as PROSECUTION BAR materials:  (i) publications, including patents and published patent applications; (ii) materials regarding third party systems or products that were publicly known, on sale, or in public use before August 18, 2004; and (iii) information that is publicly available.  CONFIDENTIAL ATTORNEYS' EYES ONLY – FINANCIAL-designated materials shall not contain PROSECUTION BAR materials.  Therefore, review of CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL-designated materials shall not trigger the

14

PROSECUTION BAR.  This provision applies, without limitation, to Plaintiff's client

representative, even if such representative is the named inventor on the patent-in-suit in this

litigation.

13.     Any person reviewing any of an opposing party's PROSECUTION BAR

materials shall not, for a period commencing upon receipt of such information and ending one

year following the conclusion of this case (including any appeals) engage in any

PROSECUTION ACTIVITY on behalf of a party asserting a patent in this case or any successor

in ownership, assignee, or exclusive licensee of a patent asserted in this case.  Furthermore, any

person reviewing PROSECUTION BAR materials of an opposing party or another co-Defendant

shall not, for a period commencing upon receipt of such information and ending one year

following the date a party provides a certification of destruction or return of all Protected

Information (pursuant to paragraph 35 of this Protective Order) engage in any PROSECUTION

ACTIVITY involving claims on a method, apparatus, or system relating to non-public technical

information disclosed or described in the PROSECUTION BAR materials reviewed.

PROSECUTION ACTIVITY shall mean:  (i) prepare and/or prosecute or otherwise aid in

preparing or prosecuting any patent application (or portion thereof), whether design or utility,

and either in the United States or abroad on behalf of a patentee or assignee of patentee's rights;

(ii) prepare or otherwise aid in the drafting of patent claim(s) on behalf of a patentee or assignee

of patentee's rights; (iii) for a patent application, reissue, or reexamination proceeding on behalf

of the patentee or assignee of patentee's rights, provide advice, counsel, or suggestions regarding

claim scope and/or language, embodiment(s) for claim coverage, claim(s) for prosecution, or

products or processes for coverage by claim(s).  Nothing in this section shall be construed as

preventing any attorney from challenging the validity or enforceability of any patent, including

without limitation in proceedings in this Court or reexamination or reissue proceedings in the

United States or foreign patent offices.  The parties expressly agree that the PROSECUTION

BAR set forth herein shall be personal to any attorney who reviews PROSECUTION BAR

material and shall not be imputed to any other persons or attorneys at the attorneys' law firm or

company.  Moreover, the mere fact of a first attorney sending Prior Art (defined in the next

sentence) to a second attorney, where the second attorney is involved in PROSECUTION

ACTIVITY, shall not be construed as involvement by the first attorney in PROSECUTION

ACTIVITY.  Prior Art shall mean (i) publications, including patents and published patent

applications, and (ii) materials or information regarding third party systems or products that were

publicly known, on sale, or in public use before August 18, 2004, unless such materials are

PROSECUTION BAR materials of a third party who has produced the materials pursuant to the

terms of this Protective Order.

## DISCLOSURE OF TECHNICAL ADVISERS

14.     Information designated by the producing party under any category of Protected

Information and such copies of this information as are reasonably necessary for maintaining,

defending, or evaluating this litigation may be furnished and disclosed to the receiving party's

technical advisers and their necessary support personnel, subject to the terms of this Protective

Order.  The term "technical adviser" shall mean an independent, outside expert witness or

consultant with whom counsel may deem it appropriate to consult and whom complies with

paragraph 16.

15.     No disclosure of Protected Information to a technical adviser or their necessary

support personnel shall occur until that person has signed the form attached hereto as Attachment

A; and to the extent there has been an objection under paragraph 18, that objection is resolved as

discussed below.

sf-2670790

16.     A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice to the producing party, who shall have ten (10) business days after such notice is given to object in writing.  The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser:  (i) name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years; and (ii) a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

17.     A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  Should the party desiring to disclose Protected Information to a technical adviser disagree with the basis for the objection(s), the parties must first attempt to resolve the objection(s) informally.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld.

18.     If the informal efforts do not resolve the dispute within ten (10) business days after the objection has been lodged, the producing party may file a motion for protection to prevent the disclosure of certain (or any) Protected Information to the designated person.  A failure to file a motion within twenty (20) business days after the objection has been lodged by the producing party, or other later time agreed to by the parties, shall operate as an approval of disclosure of the Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

17

19.     The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) outweighs the receiving party's need to disclose the Protected Information to its technical adviser.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

20.     The parties shall use reasonable care when designating documents or information as Protected Information.  Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

21.     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

22.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

23.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business

purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

24.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

a.    A present or former director, officer, or employee of a producing party may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party and either (i) identifies on its face the director, officer, and/or employee as an author or recipient, (ii) concerns a subject matter of which the director, officer, and/or employee has knowledge, or (iii) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

b.    A technical advisor of a producing party who complies with paragraphs 14-19 of this Order may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party and all other Protected Information to which he or she is allowed access under the terms of this Protective Order.

c.    Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections.  Any person other than

19

the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Information.

25.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

26.     Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved.  No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder.  Notwithstanding the foregoing and with regard to material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE, the provisions of Section D are controlling to the extent those provisions differ from this paragraph.

sf-2670790

27.     Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court.  Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Protected Information for use in connection with this litigation and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order, except that RESTRICTED CONFIDENTIAL - SOURCE CODE material is subject to the restrictions of Section D.  Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information other than RESTRICTED CONFIDENTIAL - SOURCE CODE material into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients.

28.     At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL—SOURCE CODE" by the reporter.  This request may be made orally during the deposition or in writing within fifteen (15) days of receipt of the final certified transcript.  Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially as set forth below:

sf-2670790

**This videotape contains confidential testimony subject to Protective Order in Civil Action No. 6:08-cv-509 (E.D. Tex.) and is not to be viewed or the contents thereof to be displayed or revealed except in accord with such Protective Order, by order of the Court, or pursuant to written stipulation of the parties.**

29.     Where Protected Information is used at a hearing on a dispositive motion or at trial, it is the burden of the Designating Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Information remains confidential; however, where Protected Information is to be used at a hearing on a dispositive motion or at trial by a party other than the Designating Party, the Designating Party must be notified at least 10 days before such hearing on a dispositive motion or trial, so that the Designating Party is able to make arrangements with the Court to ensure that its Protected Information remains confidential.

## NONPARTY USE OF THIS PROTECTIVE ORDER

30.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

31.     A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## NO WAIVER OF PRIVILEGE

32.     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or

22

immunity.  If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials.  The recipient(s) shall gather and return all copies of the privileged or immune material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.  Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

## MISCELLANEOUS PROVISIONS

33.    Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

34.    Inadvertent or unintentional production of documents or things containing Protected Information that are not designated as one or more of the four categories of Protected Information at the time of production shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  The producing party shall notify the receiving parties promptly after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure

including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

       35.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the receiving party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including, but not limited to, correspondence, memoranda, notes, and other work product materials that contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and documents shall remain subject to this Order.  Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.  Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions, and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product that refers or is related to any CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY - FINANCIAL, and CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only, except such outside counsel shall not retain any RESTRICTED CONFIDENTIAL-SOURCE CODE materials.  If a

sf-2670790

party destroys Protected Information, the destruction must be by means satisfactory to the producing party, and the party must provide a Certificate of Destruction to the producing party.

36.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative, or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents.  If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

37.    This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires.  Furthermore, without application to this Court, a producing party that is a beneficiary of the protections of this Order may enter a written agreement releasing a receiving party hereto from one or more requirements of this Order with respect to the producing party even if the conduct subject to the release would otherwise violate the terms herein.

38.    Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

39.    The United States District Court for the Eastern District of Texas, Tyler Division, is responsible for the interpretation and enforcement of this Agreed Protective Order.  After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public

record.  This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation.  All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Tyler Division.

40.     Execution of this Protective Order shall not constitute a waiver of the right of any party to claim in this action or otherwise that any Protected Information, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

41.     This Protective Order shall become effective as between the parties immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld or made conditional, no party shall treat any designated Protected Information produced prior to that time other than as provided in this Protective Order without giving the producing party sufficient advance notice to allow for application to the Court for additional relief.

42.     This Order shall be binding upon the parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

It is so ORDERED.

**So ORDERED and SIGNED this 22nd day of June, 2009.**


JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

26

sf-2670790

AGREED:


_/s/ Eric M. Albritton_____
**Eric M. Albritton**
  (Email:  ema@emafirm.com)
**Adam A Biggs**
  (Email:  aab@emafirm.com)
**Craig Tadlock**
  (Email: cct@emafirm.com)
Albritton Law Firm
P.O. Box 2649
Longview, TX 75606
(T) (903) 757-8449
(F) (903) 758-7397


**Scott English Stevens**
  (Email:  scott@seslawfirm.com)
**Kyle Joseph Nelson**
  (Email:  kyle@seslawfirm.com)
Stevens Law Firm
111 W. Tyler Street
Longview, TX 75601
(T) (903) 753-6760
(F) (903) 753-6761


**Danny Lloyd Williams**
  (Email:  dwilliams@wmalaw.com)
**Christopher Needham Cravey**
  (Email:  ccravey@wmalaw.com)
**Matthew Richard Rodgers**
  (Email:  mrodgers@wmalaw.com)
**Michael Aaron Benefield**
  (Email:  mbenefield@wmalaw.com)
Williams Morgan & Amerson PC
10333 Richmond, Suite 1100
Houston, TX 77042
(T) (713) 934-4061

**Thomas John Ward, Jr**
 (Email:  jw@jwfirm.com)
Ward & Smith Law Firm
P O Box 1231
Longview, TX 75606-1231
(T) (903) 757-6400
(F) (903) 757-2323

Attorneys for Plaintiff and Counterdefendant
ALOFT MEDIA LLC

AGREED:


__/s/ Patrick J. Zhang_____
**Otis Carroll**
  (Email:  otiscarroll@icklaw.com)
Ireland, Carroll & Kelley, P.C.
6101 South Broadway, Suite 500
Tyler, TX  75703
(T) (903) 561-1600
(F) (903) 581-1071


**Michael A. Jacobs**
  (Email:  mjacobs@mofo.com)
**Brooks M. Beard**
  (Email:  bbeard@mofo.com)
**Patrick J. Zhang**
  (Email:  pzhang@mofo.com)
Morrison & Foerster LLP
425 Market Street, 32nd Floor
San Francisco, CA 94105-2482
(T) (415) 268-7000
(F) (415) 268-7522

Attorneys for Defendant and Counterclaimant
YAHOO! INC.

AGREED:


___/s/ Christopher C. Carnaval_____
**Michael Edwin Jones**
  (Email:  mikejones@potterminton.com)
Potter Minton PC
110 N College, Suite 500
PO Box 359
Tyler , TX 75710-0359
(T) (903) 597-8311
(F) (903) 593-0846

**Robert F. Perry**
  (Email: rperry@kslaw.com)
**Scott T. Weingaertner**
  (Email:  sweingaertner@kslaw.com)
**Christopher C. Carnaval**
  (Email:  ccarnaval@kslaw.com)
King & Spalding, LLP
1185 Avenue of the Americas
New York , NY 10036-4003
(T) (212) 556-2100
(F) (212) 556-2222

Attorneys for Defendant and Counterclaimant
GOOGLE, INC.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| ALOFT MEDIA, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:08-CV-509 (JDL) |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| YAHOO! INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ATTACHMENT A TO THE AGREED PROTECTIVE ORDER**

**CONFIDENTIAL AGREEMENT**

I reside at _____.

My present employer is _____.

1.    My present occupation or job description is _____.

2.    I have read the Agreed Protective Order dated _____, 2009, and have been

engaged as _____ on behalf of _____

in connection with the litigation styled *Aloft Media, LLC  v. Yahoo! Inc. and Google Inc.*, Case

No. 6:08-CV-509 (JDL).

3.    I am fully familiar with and agree to comply with and be bound by the provisions

of said Order. I understand that I am to retain all copies of any documents designated as

CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED

CONFIDENTIAL-SOURCE CODE information in a secure manner, and that all copies are to

sf-2670790

remain in my personal custody until I have completed my assigned duties, whereupon the copies

and any writings prepared by me containing any CONFIDENTIAL, CONFIDENTIAL

ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE

information are to be returned to counsel who provided me with such material or destroyed as

directed by such counsel.

     4.     I will not divulge to persons other than those specifically authorized by said

Order, and will not copy or use except solely for the purpose of this action, any information

obtained pursuant to said Order, except as provided in said Order. I also agree to notify any

stenographic or clerical personnel who are required to assist me of the terms of said Order.

     5.     I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

     Executed on _____, 20___.


                                            _____

sf-2670790