IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| ALOFT MEDIA, LLC, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 6:08-CV-509-JDL |
| v. | § | |
| | § | |
| YAHOO! INC., *et al.*, | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS
## COMPLAINT AGAINST GOOGLE INC. WITH PREJUDICE

Aloft Media, LLC ("Aloft"), plaintiff in the above-entitled and numbered civil action, moves to dismiss with prejudice its claims against Google Inc. ("Google").

On December 30, 2008, Aloft filed suit against Google, Yahoo! Inc. ("Yahoo!") and AOL LLC ("AOL"). Docket No. 1. Google filed its Answer on February 19, 2009. Docket No. 25. Yahoo! and AOL filed their answers and counterclaims on the same date.[1] Docket Nos. 22, 26. Subsequently, Aloft and AOL reached a settlement and filed a joint motion to dismiss, which this Court granted on April 6, 2009. Docket Nos. 35, 37. Later, Aloft and Yahoo! reached a settlement and filed a joint motion to dismiss. Docket No. 81. This Court granted that motion on August 13, 2009, leaving Google as the only remaining defendant. Docket No. 82.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2); *accord*

---

[1] In contrast to the other defendants, Google did not file any counterclaims. Docket No. 25.

1

*Elbaor v. Tripath Imaging, Inc.,* 279 F.3d 314, 317 n.2 (5th Cir. 2002); *Davis v. Huskipower Outdoor Equip. Corp.,* 936 F.2d 193, 198-99 (5th Cir. 1991). "The decision to dismiss an action rests within the sound discretion of the trial court and may only be reversed for an abuse of that discretion." *Schwarz v. Folloder,* 767 F.2d 125, 129 (5th Cir. 1985); *see also United States ex rel. Doe v. Dow Chem. Co.,* 343 F.3d 325, 329 (5th Cir. 2003) (citing *Davis,* 936 F.2d at 199); *Manshack v. Southwestern Elec. Power Co.,* 915 F.2d 172, 174 (5th Cir. 1990); *Templeton v. Nedlloyd Lines,* 901 F.2d 1273, 1274-75 (5th Cir. 1990) (citing *Le Compte v. Mr. Chip, Inc.,* 528 F.2d 601, 604 (5th Cir. 1976)). Generally, a motion for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the possibility of a second lawsuit. *See Doe,* 343 F.3d at 330 (citing *Elbaor,* 279 F.3d at 317); *Davis,* 936 F.2d at 199; *Manshack,* 915 F.2d at 174. The potential that additional expense may be incurred in re-litigating the matter in another forum, or at a later date, is insufficient to support a finding of legal prejudice necessary for denial of a Rule 41(a)(2) motion for voluntary dismissal. *See Doe,* 343 F.3d at 330 (citing *Elbaor,* 279 F.3d at 318 n.3); *Manshack,* 915 F.2d at 174.

Aloft does not want to pursue its infringement claims against Google for infringing U.S. Patent No. 7,472,351 (the "'351 Patent"), and, thus, files this motion. Google will not suffer any "plain legal prejudice" if the Court grants this motion to dismiss. This civil action is still in its infancy – although Aloft has served its infringement contentions, Google has not yet served its invalidity contentions, and neither party has served initial disclosures. Moreover, the absence of plain legal prejudice is confirmed by Aloft's request that this civil action be dismissed with

prejudice even though the risk of a new suit is insufficient to constitute the necessary prejudice. *See Doe,* 343 F.3d at 330 (citing *Elbaor,* 279 F.3d at 318 n.3); *Manshack,* 915 F.2d at 174. Moreover, as detailed in Exhibit 1 attached hereto, Aloft unconditionally and irrevocably covenants and promises not to assert any past, present or future claim for patent infringement against Google under the '351 Patent arising from Google's past and present activities and products.

For all of these reasons, Aloft respectfully moves the Court to dismiss this civil action with prejudice to refiling.

Respectfully submitted,

*/s/ Eric M. Albritton*

Eric M. Albritton
Texas State Bar No. 00790215
Adam A. Biggs
Texas State Bar No. 24051753
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com
aab@emafirm.com

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
P.O. Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
jw@jwfirm.com

Danny L. Williams
Texas State Bar No. 21518050
Matthew R. Rodgers
Texas State Bar No. 24041804
Chris Cravey
Texas State Bar No. 24034398
WILLIAMS, MORGAN &
AMERSON, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-4060
Facsimile: (713) 934-7011
danny@wmalaw.com
cravey@wmalaw.com
mrodgers@wmalaw.com

Debra Coleman
Texas State Bar No. 24059595
COLEMAN & COLEMAN, P.C.
P.O. Box 4052
Longview, Texas 75606
Telephone: (903) 212-1955
Facsimile: (512) 233-5832
deb@coleman-coleman.com

*ATTORNEYS FOR PLAINTIFF
ALOFT MEDIA, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email, on this the 14th day of August, 2009.

Eric M. Albritton